**CUNNINGHAM, Appellant, v MARABLE, Appellee.**

Ohio Appeals, Ninth District, Wayne County.

No. 1092.   Decided February 28th, 1947.

John Ruffalo, Youngstown, and Clinton J. Wall, Youngstown, for appellant.

Critchfield, Critchfield & Critchfield, Wooster, and Huber J. Snyder, Canton, for appellee.

## OPINION

By HUNSICKER, J.

This cause comes into this court as an appeal on questions of law. Appellant claims that the trial court committed prejudicial error in directing a verdict against him at the conclusion of the testimony in his behalf.

On the night of December 2, 1942, appellant rented from appellee tourist apartment 27, one of three apartment units in one building. Each unit was equipped with a garage, living room and bedroom. Each garage had overhead doors but no other opening. Each of the other rooms had a window. A door from each garage went into its respective apartment, but the apartments were not connected with each other, for a solid wall separated each unit from the other.

Parties by the name of Smith rented unit 25, which was separated from unit 27 by apartment 26. During the night Smith operated his automobile behind his closed garage doors, causing poisonous fumes to penetrate unit 27, injuring appellant.

Appellant knew the construction of the cabins, he knew of no inspection, saw no cracks or crevices, and was not warned of any possible gas fumes.

Eight assignments of error are set out, all based on the failure of the court to submit the issue to a jury.

Where a court has directed a verdict against the plaintiff at the conclusion of his testimony, it has determined that, construing the evidence most favorably for the plaintiff, reasonable minds can come to but one conclusion and that adverse to the plaintiff's contentions.

Hamden Lodge, etc., et al., v Ohio Fuel Gas Co., 127 Oh St 469.

It was incumbent on the appellant to show, by a preponderance of the evidence, some act of negligence on the part of the appellee, proximately causing the injuries received by plaintiff (appellant). The rule of liability here is as follows:

"A * * * possessor of land who holds it out to the public for entry for his business purposes, is subject to liability to members of the public while upon the land for such a purpose for bodily harm caused to them by the accidental, negligent or intentionally harmful acts of third persons * * * if the possessor by the exercise of reasonable care could have

"(a) discovered that such acts were being done or were about to be done, and

"(b) protected the members of the public by

"(i) controlling the conduct of the third persons, or

"(ii) giving a warning adequate to enable them to avoid the harm * * * ."

Restatement of the Law of Torts, Section 348.

What is the standard of reasonable care to which an innkeeper is held? In the case of Mitchell v Hotel Berry Co., 34 Oh Ap 259, it was held that there was no duty on the part of the hotel keeper to warn a guest of fire until he knew about the fire himself.

In the instant case, the harmful agency was a gas set in motion by the act of a guest. The record discloses no evidence that appellee knew or should have known of the guest's intention or evil propensities.

The hotel keeper is not an insurer of the safety of his guests, and there is no absolute liability in case of injury to his guests, for he is liable only when negligent and when he has failed to exercise reasonable care.

Moon, et al., v Conley, 9 Oh Ap 16; Patrick v Springs, 70 S. E. 395.

In a recent Nebraska case it was held that the proprietor of a public place of business, such as a restaurant, is not an

618

insurer of a patron against personal injuries inflicted by other persons on the premises who are in no manner connected with the business, but is liable therefor only when he is negligent. The standard of care required in such cases is always the conduct of an ordinarily prudent person, acting under the same or similar circumstances. The guest in that case was stabbed by one or both of two quarreling patrons of a restaurant, and suit was brought against the owner. The trial court directed a verdict for the owner of the restaurant at the conclusion of the plaintiff's case, which action the Supreme Court of Nebraska sustained.

Hughes v Coniglio, 25 N. W. (2) 405.

The appellant in the instant case says further that these premises were defective and had cracks in them which permitted the seepage of the fumes to apartment 27, occupied by him; that placing him in such defective premises was negligent conduct.

We do not find from the evidence that the premises were defective, but assuming they were, could the appellee be held accountable for a failure to foresee that some guest might enter a garage, run his motor, and thereby allow poisonous fumes to seep through the premises and injure another guest?

The innkeeper would be liable certainly for injury as a result of defective premises if and only if his negligence in this respect was the proximate cause of the injury. In this case— assuming the defective premises for the purposes of setting up a ground of negligence—an intervening force has entered, which is independent and such as to be the cause itself. In such a case a hotel keeper would not be liable for the consequences of this intervening force, unless it was reasonably foreseeable. For to hold him liable under such circumstances would make the innkeeper an insurer of a guest's safety. See: 28 Am. Jur., Innkeepers, Sec. 52, et seq.

So in this case, could the exercise of reasonable foresight anticipate the result?

Could the defendant, Marable, in the exercise of ordinary care, forsee the result of some cracks or crevices which would permit gases to move from one building to another? Is he bound to see what might possibly occur? We think not. The result in this case was too remote from a claim of negligent conduct by reason of defective premises. Foresight, not retrospect, is the standard of diligence. There is no duty to guard when there is no danger reasonably to be apprehended, and certainly no duty to guard against remote and doubtful dangers.

"The risk reasonably to be perceived defines the duty to be obeyed, and risk imports relation; it is risk to another or to others within the range of apprehension. Seavey, Negligence, Subjective or Objective, 41 H. L. Rv. 6; Boronkay v Robinson & Carpenter, 247 N. Y. 365, 160 N. E. 400. This does not mean, of course, that one who launches a destructive force is always relieved of liability, if the force, though known to be destructive, pursues an unexpected path. 'It was not necessary that the defendant should have had notice of the particular method in which an accident would occur, if the possibility of an accident was clear to the ordinarily prudent eye.' Munsey v Webb, 231 U. S. 150, 156, 34 S. Ct. 44, 45   *   *   *   ."

Palsgraf v Long Island R. Co., 248 N. Y. 339, 162 N. E. 99.

There then being no liability on the innkeeper except upon a showing of negligence, and the appellant having failed to establish any negligence whatsoever, the trial court did not prejudicially err in directing a verdict for appellee.

Judgment affirmed.

DOYLE, PJ, and STEVENS, J, concur.