This is a suit for damages for personal injuries sustained by Leonard C. Yates, plaintiff in this suit, but who is now deceased and has been substituted by the proper parties. He was injured on June 6, 1946 around 8 o'clock in the morning near a service station operated by the defendants at the corner of Scenic Highway and Choctaw Road in north Baton Rouge.
The accident was a rather unusual one. He was standing near a sign post of the bus company waiting for a bus; this sign post stood about 18 feet from a lot to the rear of the service station, on which automobiles were usually parked. There is some dispute as to whether it was used by the defendants to park the automobiles which they serviced or by other parties but the preponderance of the testimony is that it was a place used by the defendants for parking the cars of their customers and, if it is shown that the car which injured Mr. Yates was one of such cars, then they were correctly held liable for the injuries which he sustained.
From this parking space there is a slope to the street and undoubtedly Mr. Yates was injured when an unattended car that was parked there ran down this slope and struck him when he was standing next to the bus sign and severely injured his right leg.
The suit is instituted against the defendants, Kirk E. Williams, Sr., and Kirk E. Williams, Jr., and Cecil L. Sanders, said to be a commercial partnership operating under the name of Kirk's Service Station. It is alleged in plaintiff's petition that they were the operators of the parking lot on which this car belonging to one of their customers was parked and that they, through their employees, negligently permitted it to remain standing in neutral gear, and in such a position that it could roll down the slope from the parking lot into the street. It is also alleged that it was negligence on their part to maintain the premises on which cars were parked in such a condition as to make it dangerous for any one to be passing on the street opposite the slope without any warning signs. Further it is alleged that the doctrine of res ipsa loquitur applies.
To his petition the plaintiff had added interrogatories on facts and articles addressed to the defendants tending to prove by them that the car which ran over him was a car of one of their customers and in their custody. Two of the defendants failed to answer the interrogatories and plaintiff then took a rule on them to show why, under the provisions of Article 349 of the Code of Practice, the facts concerning which they refused to answer should not be taken for confessed. This is a rather important point relied on by the plaintiff but we do not find it necessary to resort to it in order to hold the defendants liable as they were properly held by the district judge on the testimony found in the record.
Plaintiff's demand is for the sum of $3,000. After the case had been put at issue by the defendants who seem to maintain that they knew absolutely nothing about such an accident having occurred, *Page 507 
judgment was rendered by the district court in favor of the plaintiffs in the sum of $679. Defendants appealed and plaintiffs have answered the appeal asking for an increase in the amount of the judgment by the sum of $2,000.
It is not disputed that the plaintiff was injured on the date alleged in his petition and in the manner stated and the principal defense, as we view it, is that none of the defendants apparently knew whose car it was that rolled down the grade into the street and ran over him. It is intimated by the testimony of some of the defendants that this parking lot was used indiscriminately by the public but regardless of whether it was or not the fact remains that it was used by the defendants to park the cars which they serviced in their service station.
No one saw the car which ran over the plaintiff except the plaintiff himself and as he had died before the trial of the case his testimony by which it could have been positively identified, was not available. However one of the witnesses for the plaintiffs, a man by the name of Lee L. LeBlanc, who is thoroughly disinterested, testified that just about the time of the accident he was driving on the street next to where the accident occurred; that he was going east and as he reached the corner where the service station was situated he saw Mr. Yates standing against the sign post looking at his leg which was bleeding and that at the time he also noticed that there was a maroon Studebaker with a brown stripe trimming right next to him resting against the post. He also saw a colored man running from the back of the station to the side to talk to some one. All of this happened while he was waiting for the street signal light to change and as it changed, he proceeded and did not stop to make inquiries as to what had happened. This witness' testimony is corroborated to the extent that the defendant, Mr. Kirk E. Williams, Jr., admits that his attention was called to the accident by one of his colored employees and that he himself rushed over to render assistance to Mr. Yates and asked one of his customers who was at the station at that time to take him to the hospital.
On the same day that the accident happened, Mr. Yates' son-in-law, Edgar J. Mut, called on Mr. Williams who apparently was in charge of the station and discussed the accident with him. Mr. Mut testified that at that time Mr. Williams admitted to him that he knew whose car it was that had rolled down the slope and run over Mr. Yates but would not tell him the name of the owner because that was unnecessary as the station, meaning the service station, was responsible for the action of that car.
[1] These are the main points on which the district judge relied in rendering judgment in the case. He very ably summarized the testimony in the written opinion filed by him in the record, the essential parts of which show that the automobile which caused the injury was in the custody and under the control of the defendants and that the accident would not have occurred unless negligence appeared in some form. As the facts surrounding the happening were peculiarly within the knowledge of the defendants and they were not equally available to the plaintiffs, it was the duty of the defendants, under the doctrine of res ipsa loquitur, to come forth with proof sufficient to exculpate themselves from the inference of negligence which had arisen. As they had failed in that duty he correctly held them liable.
[2] The award of $679 was made up of the following items: Medical and hospital bills, $39; loss of salary $140 and physical' injuries, pain and suffering $500. We believe that the $500 item should be increased. Dr. F.U. Darby who treated Mr. Yates described his wound as a laceration of the inner surface of the right leg approximately six or eight inches long and about one and one half inches deep. It was deep enough to involve all the muscles of the leg. He was under his care and treatment for ten days at the end of which time the sutures were removed. Mr. Yates was cautioned by him about placing weight on the leg and instructed to use crutches. One of his daughters with whom he resided for more than four weeks after the accident states that he complained most of the time. He was 73 years of age and *Page 508 
employed as a night watchman by Farnsworth Construction Company. When he resumed his duties as watchman he was still using his crutches and had to be taken to the plant in an automobile. After discarding the crutches he walked with a limp until he died on December 29, 1946. Although the cause of his death had no connection with the accident and injury he sustained on June 6, 1946, it would seem reasonable that it produced a shock on a man of his age and may well have been the cause of the moody spells his daughter says he experienced from time to time thereafter. This item will be increased by the sum of $250 making the total award $929.
For the reasons stated it is now ordered that the judgment appealed from be increased from the sum of $679 to the sum of $929 and that as thus amended it be affirmed.