134

HOLDSHOE, APPELLEE, *v.* WHINERY, D. B. A. WHINERY'S LANDING, APPELLANT.

(No. 40782—Decided May 8, 1968.)

**136**

*Mr. George A. Aronson* and *Mr. Bernard Fineman,* for appellee.

*Messrs. Pfau, Pfau & Comstock* and *Mr. Lawrence R. Springer,* for appellant.

O'NEILL, J. The question presented is whether the defendant owes the plaintiff a duty to warn him of the danger of injury from possible negligent acts of third parties, or to act to prevent the plaintiff from sustaining injury from such acts of third parties, where the defendant knows or should know that such acts are likely to occur. This is a question of law of first impression in Ohio.

It is undisputed that while plaintiff was at the recreation area she was an invitee. See *Scheibel* v. *Lipton* (1951), 156 Ohio St. 308, 102 N. E. 2d 453; Restatement of the Law, Torts 2d, Section 332 (1965); Cf. The Occupiers' Liability Act, 5 and 6 Eliz. II, ch. 31; Payne, "The Occupiers' Liability Act," 21 Mod. L. Rev. 359 (1958). See, generally, 2 Harper & James, The Law of Torts, Section 27.12 (theories underlying invitee classification).

Restatement of the Law, Torts 2d, Section 332, states;

"(1) An invitee is either a public invitee or a business visitor.

"(2) A public invitee is a person who is invited to enter and remain on land as a member of the public for a purpose for which the land is held open to the public.

"(3) A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with the business dealings with the possessor of the land."

The classification of plaintiff as an invitee determines defendant's duty of care. As a general rule, the owner and occupier of land is not an insurer of the safety of the patrons whom he invites on his land. Rather, he owes them the duty to exercise ordinary care, consistent with the purposes of the invitation, to maintain the land in a reasonably safe condition for the protection of such invitees. *S. S. Kresge Co.* v. *Fader* (1927), 116 Ohio St. 718, 158 N. E. 174; see *Boles* v. *Montgomery Ward & Co.* (1950), 153 Ohio St. 381, 92 N. E. 2d 9; *Debie* v. *Cochran Pharmacy-Berwick, Inc.* (1967), 11 Ohio St. 2d 38, 227 N. E. 2d 603; *Englehardt* v. *Philipps* (1939), 136 Ohio St. 73, 23 N. E. 2d 829; James, Tort Liability of Occupiers of Land: Duties Owed to Licensees and Invitees, 63 Yale L. J. 605 (1954).

A breach of the duty of reasonable care can be predicated upon the actions of third parties on the land which is controlled by the owner. Restatement of the Law, Torts 2d, in Section 344, states:

"A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose for physical harm caused by the * * * negligent * * * acts of third persons * * * and by the failure of the possessor to exercise reasonable care to

"(a) discover that such acts are being done or are likely to be done, or

"(b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it."

138

See *Cunningham* v. *Marable* (App. 1947), 48 Ohio Law Abs. 614, 76 N. E. 2d 739, appeal dismissed, 148 Ohio St. 276, 74 N. E. 2d 256; Prosser, Torts, 364 (1964).

The comment to Section 344 of Restatement of the Law, Torts 2d, states that the "possessor of land who holds it open to the public for entry for his business purposes is not an insurer of the safety of such visitors against the acts of third persons * * *. He is, however, under a duty to exercise reasonable care to give them protection. In many cases a warning is sufficient care if the possessor reasonably believes that it will be enough to enable the visitor to avoid the harm, or to protect himself against it. There are, however, many situations in which the possessor cannot reasonably assume that a warning will be sufficient. He is, then, required to exercise reasonable care to use such means of protection as are available, or to provide such means in advance because of the likelihood that third persons * * * may conduct themselves in a manner which will endanger the safety of the visitor."

The defendant, as an owner and occupier of land, has a duty to use reasonable care to afford plaintiff a safe place in which to enjoy her picnic. He owes plaintiff a duty to use reasonable care to prevent the negligent acts of third parties which could harm the plaintiff where the defendant knows or should know that such acts are likely to occur.

It is contended that a line of Ohio cases supports the judgment of the trial court. Those cases are *Debie* v. *Cochran Pharmacy-Berwick, Inc.* (1967), 11 Ohio St 2d 38, 227 N. E. 2d 603; *Geideman* v. *Bay Village* (1966), 7 Ohio St. 2d 79, 218 N. E. 2d 621; *Beaney* v. *Carlson* (1963), 174 Ohio St. 409, 189 N. E. 2d 880.

In *Debie* v. *Cochran Pharmacy-Berwick, Inc., supra,* at page 41, this court held:

" * * * where * * * the owner or occupier of business premises is not shown to have notice, actual or implied, that the natural accumulation of snow and ice on his premises has created there a condition substantially more danger-

ous to his business invitees than they should have anticipated by reason of their knowledge of conditions prevailing generally in the area, there is a failure of proof of actionable negligence.''

Several factors distinguish the *Debie case* from the case at bar. The overriding consideration is the procedural posture of the instant case. Here, a motion for directed verdict was granted after the plaintiff's opening statement. In *Debie*, a motion for summary judgment was granted after a deposition of the injured party therein had been submitted. In the instant case, no evidence whatsoever was before the trial court when the decision was made. Thus, within the *Debie* framework, in the instant case, under her opening statement the plaintiff could introduce evidence to prove defendant's knowledge of the dangerous condition in the area. This is especially true in the light of the facts that on a prior occasion a similar accident had occurred; that the day in question was plaintiff's first visit to the recreation area; and that plaintiff was directed to one of the lower tables by the defendant. Succinctly stated, there is no failure of proof because plaintiff was not accorded an opportunity to prove her case. Similarly, implicit in *Debie* is the proposition that the plaintiff therein assumed the risk of the dangers of ice and snow. While assumption of risk is made an issue by defendant's answer and plaintiff's reply in the instant case, the record is bare of any evidence on that issue. Thus, unlike *Debie,* the Court of Appeals correctly concluded in the instant case that reasonable men could differ on that issue and that, accordingly, it presented a question for the jury.

In *Geideman* v. *Bay Village, supra,* the question presented was whether the city owed pedestrians on a sidewalk the duty to construct barriers on the edge of the street to prevent cars from proceeding onto the sidewalk. That case, while seemingly similar to the case at bar, is distinguishable. The *Geideman case* was based upon Section 723.01, Revised Code, and this court decided in *Geideman* that, in light of the common-law immunity of govern-

mental units and the language of that statute, the defendant did not owe any duty to the plaintiff.

*Beaney* v. *Carlson, supra,* presented the question of whether a lessee of a building in a shopping center owed his customers a duty to erect barriers on the parking lot to keep cars off the sidewalk in front of the store. Under the lease, it was the duty of the lessor, not the lessee, to keep the parking lot in "good" condition. This court held in *Beaney* that, under the provisions of the lease, the *lessee* did not have such a duty. The liability of the landlord was not, except by inference, discussed. See concurring opinion of Taft, C. J.

Those cases, therefore, are not dispositive of the instant case.

Outside Ohio, several jurisdictions have held that a jury question is presented by the facts in cases similar to the instant case. The leading case is *Marquardt* v. *Cernocky* (1958), 18 Ill. App. 2d 135, 151 N. E. 2d 109. In that case, defendant Cernocky ran a picnic grove and provided no assistance or direction in parking the cars of his patrons. He permitted them to park on the edge of a hill overlooking the picnic area below. On the day in question, a child disengaged the gears of a car parked on the edge of the hill and it rolled down the slope, struck the plaintiff and severely injured her. Defendant's motion for a directed verdict was overruled and the case was submitted to the jury, which returned a verdict for the plaintiff. On appeal, the submission of the question of the defendant's negligence to the jury was affirmed by the Court of Appeals. That court, in its opinion, at page 144, said:

"It is undisputed that the parking of motor vehicles on hilly terrain in defendants' picnic grove was in no respect supervised, controlled or directed. No fences, barricades, guard rails, curbing, or logs provided a safety barrier. There was testimony that park patrons were told to park at the top of the high ground which sloped toward the level play and swimming area, which fact would only tend to render defendants more culpable in view of the absence of any safety barriers. There was evidence that patrons were

not given directions as to where their cars should be parked, thereby permitting them to park in whatever manner they wished. The park was heavily patronized with holiday picnickers, many of whom were children. Defendants, fully aware of the condition of the terrian and the use of the grove on the day in question, did nothing to avert or prevent injury to plaintiffs with regard to automobiles present in the park. The jury might reasonably find that the defendants could have reasonably foreseen the injuries to Mrs. Marquardt as a natural and probable consequence of their acts or omissions. We cannot say that the owner of a picnic grove, who charges admission and who directs or knowingly allows patrons to park on the top of a high inverted saucer-like hill, has kept the premises reasonably safe for his patrons when he admittedly has done nothing to keep such cars safely and securely parked. *It is common knowledge that many operators of parking lots, particularly those located upon sloping ground, will place fence, logs, railroad ties, cement barriers, and the like to keep parked autos in a safe position.* Defendants' parking area was on sloping ground near a steep hill or drop-off.

"Defendants strenuously urge that the acts of Anthony Orlowski and his small daughter were independent efficient intervening causes of the plaintiff's injuries. However, the intervention of independent or intervening forces will not break the causal connection between a negligent act or omission if the intervention of such forces was itself probable or foreseeable, and it is not necessary that the person charged with negligence should have foreseen the precise injury which resulted from his act or failure to act * * *. The intervening act of a third person does not necessarily relieve the author of an earlier negligent act from responsibility when the intervening cause of an injury is of such nature as could reasonably have been anticipated, in which case the earlier negligent act, if it contributed to the injuries, may be regarded as the proximate cause or as a proximately contributing cause. * * *

"Applying these principles to the evidence in this record, we conclude that a jury might reasonably find that de-

fendants could have reasonably foreseen the injuries to Mrs. Marquardt as a natural and probable result of their total failure to take precaution with vehicles on their steeply sloping parking area. It is not necessary that the defendants should reasonably have foreseen the precise injury which resulted; it is enough if the exercise of reasonable foresight would have warned the defendants of danger to patrons from the uncontrolled movement of vehicles parked on the hill." (Emphasis added.)

See annotation, 67 A. L. R. 2d 965; annotation, 16 A. L. R. 2d 979.

A similar result was reached in *Gresser* v. *Taylor* (Minn. 1967), 150 N. W. 2d 869. In *Gresser,* the defendant conducted a golf tournament in which plaintiff was a paying participant. A third party parked his car on a public street at the crest of a hill overlooking the golf course. Plaintiff was injured when the car rolled down the hill, onto the course and struck him. In reversing a directed verdict for the defendant, the Supreme Court of Minnesota said:

"A jury could have found the golf course liable. Plaintiff, who had paid to participate in the tournament, was a business invitee. * * * Because of this, the golf course, operating a place of public amusement, owed a duty to protect him from dangers it should have expected he would fail to discover, appreciate, or guard against, including not only dangers of which it was aware but also those which in the exercise of reasonable care it should have discovered. * * *

"This duty included protecting plaintiff from harm caused by the accidental, negligent, or intentionally harmful acts of third persons and by its failure to exercise reasonable care to discover that such acts are being done or are likely to be done. * * * It had a duty to use reasonable care to protect plaintiff from such acts of third persons even though the acts were committed outside the golf course's premises. * * * "

As in *Marquardt, supra,* the court, in *Gresser,* noted that it is common practice for owners and occupiers of sloping land where business is transacted to use logs, fences, and railroad ties to keep the cars on or near the land safely parked.

Liability was also found in the case of *Humble Oil & Refining Co.* v. *Martin* (1949), 148 Tex. 175, 181, 222 S. W. 2d 995. In that case, plaintiffs were injured when they were struck by a car which rolled out of defendant's service station and down a slope next to the station where the plaintiffs were walking. The car had been brought to the station for servicing by its owner. In affirming a judgment against the defendants the Supreme Court of Texas said:

"It seems proper that the operator of a filling station should owe to that part of the public which might be affected—such as respondent Martin here—the duty of ordinary care to prevent cars left with it under such circumstances from rolling away and injuring persons or property."

See *Yates* v. *Williams* (La. App. 1947), 32 So. 2d 505.

The defendant in the instant case conducted a resort business on sloping ground in a wooded area. He had made extensive improvements on the land in his effort to encourage patronage of his recreation area.

It is reasonable to conclude that the defendant owed a duty to the plaintiff-invitee to exercise ordinary care to afford the plaintiff a safe place to have her picnic and to maintain the area in a reasonably safe condition for protection of the plaintiff. The defendant should have foreseen that cars parked on the slope might roll down the hill and endanger patrons below. The opening statement indicates that the defendant did nothing to warn his patrons of the situation, nor did he take any steps to minimize the danger. Instead, he continued to permit patrons to park their cars on the sloping ground adjacent to their picnic tables and directly up the slope from other patrons seated at picnic tables below.

It is a jury question to be determined upon the evidence

**144**

presented at trial, as to whether the defendant's breach of his duty to the plaintiff-invitee proximately caused the plaintiff's injuries.

It is also a jury question, to be determined upon the evidence presented at trial, as to whether the plaintiff assumed the risk.

The trial court erred in directing a verdict for defendant at the close of plaintiff's opening statement.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

ZIMMERMAN, HERBERT and SCHNEIDER, JJ., concur.
TAFT, C. J., MATTHIAS and BROWN, JJ., dissent.

ZIMMERMAN, J., concurring. In interpreting the opinion and syllabus herein it is important to remember that there was a directed verdict for the defendant by the trial court following the opening statement of plaintiff's counsel. Evidence introduced on the future trial of the case might be such as to result in and support a verdict and judgment for the defendant.