DECISION AND JUDGMENT ENTRY
Cathy Pokrivnak, appeals from a judgment of the Washington County Court of Common Pleas granting summary judgment in favor of the appellee, Par Mar Oil Company.
This is a "slip and fall" personal injury case. In May of 1997, the appellant entered upon the premises of Appellee, Par Mar Oil Company's gas station in order to purchase gasoline. It was late afternoon and it had rained earlier that day. After filling her vehicle at the gas pumps, the appellant walked across the lot toward the store's entrance. She slipped and fell when she stepped from the blacktop portion of the service station lot to a cement sidewalk in front of the store's entrance.
The appellant filed her complaint alleging that the appellee, Par Mar Oil Company, was negligent in that it had failed to inspect and maintain the premises in a condition free from unreasonably dangerous conditions. The appellee moved for — and was granted — summary judgment. The appellant filed a timely notice of appeal raising a single assignment of error:
 THE TRIAL COURT ERRED IN GRANTING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO THE REQUIREMENTS OF RULE 56(C) OF THE OHIO RULES OF CIVIL PROCEDURE.
Our review of a lower court's entry of summary judgment is de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same criteria as the trial court, which is the standard contained in Civ.R. 56. Lorain Natl. Bank v. Saratoga Apts. (1989) 61 Ohio App.3d 127,129. Pursuant to Civ.R. 56(C), summary judgment is proper if: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to one conclusion when viewing the evidence in favor of the non-moving party, and that conclusion is adverse to the non-moving party. See Grafton, supra. The party moving for summary judgment has the initial burden of informing the trial court of the basis of the motion, and identifying those portions of the record that demonstrate the absence of a material fact. Dresher v.Burt (1996), 75 Ohio St.3d 280, 293. If the moving party meets their burden of proof, then the burden shifts to the non-moving party to offer specific facts showing a genuine issue for trial. Civ.R. 56(E), Dresher,supra.
In a negligence claim, the plaintiff must prove the existence of a duty, a breach of the duty, and an injury proximately resulting therefrom. Betts v. Windland (Nov. 4, 1991), Washington App. No. 90CA39, unreported, citing, Federal Steel Wire Cord. v. Ruhlin Constr. Co.
(1989), 45 Ohio St.3d 171, 173; and Jeffers v. Olexo (1989),43 Ohio St.3d 140, 142. Whether a duty exists is generally a question of law for the court to determine. Mussivand v. David (1989),45 Ohio St.3d 314, 318.
The scope of the duty owed in a premises liability case depends on the status of the person who enters upon the premises. Shump v. FirstCont.-Robinwood (1994), 71 Ohio St.3d 414, 417. The appellant in this case held the status of a "business invitee" at the time of the incident, having entered onto the appellee's premises for the financial benefit of the appellee. See Light v. Ohio University (1986),28 Ohio St.3d 66, 68. The duty that a property owner/occupier owes to a business invitee is one of ordinary and reasonable care. Holdshoe v.Whinery (1968), 14 Ohio St.2d 134, 137. The property owner/occupier is required to maintain the premises in a reasonably safe condition so that customers are not unnecessarily and unreasonably exposed to danger.Paschal v. Right Aid Pharmacy (1985), 18 Ohio St.3d 203. This duty includes a duty to warn of latent or concealed defects that the owner/occupier knows of has reason to know exist. Jackson v. KingsIsland (1979), 58 Ohio St.2d 357, 359. However, the property owner/occupier is not an insurer of a business invitee's safety. Id.
Where a condition is patent or obvious, the business invitee is expected to protect herself, unless the condition is unreasonably dangerous. SeeSidle v. Humphrey (1968), 13 Ohio St.2d 45.
A determination of a premises owner/occupier's duty of care in a slip and fall case involving oil spills typically requires an analysis of the location of the oil spill. See Anaple v. Standard Oil Co. (1955),162 Ohio St. 537, paragraph one of the syllabus. Ohio courts generally have been unwilling to attach liability for conspicuous oil spills located in an area of the premises where a patron would reasonably expect to encounter them. See Parras v. Standard Oil Co. (1953), 160 Ohio St. 315,Anaple, supra,_Nutoves v. McDonald's Restaurant (May 11, 2000), Cuyahoga App. No. 77356, unreported,Ashbaugh v. Family Dollar Stores (Jan. 20, 2000), Highlands App. No. 99 CA 11, unreported,_Preble v. SuperAmerica
(Oct. 20, 1995), Sandusky App. No. S-94-033, unreported, Condorodis v.Allright Cincinnati, Inc. (Aug. 23, 1995), Hamilton App. No. C-940882, unreported. Liability usually becomes an issue when an oil spill is in an "unusual" place where an individual would not expect to encounter such a spill. Collins v. Emro (May 11, 1999), Franklin App. No. 98AP-1014, unreported, and Diehlman v. Braunfels (Aug. 1, 1997), Lucas App. No. L-96-357, unreported.
The distinction based on the location of the oil spill has to do with the invitee's ability to foresee and avoid the potential hazard, and the practicability of preventing, removing or warning against such hazards. See, e.g., Parras, supra, and Anaple, supra. The rationale is similar to a slip and fall case involving the natural accumulation of snow and ice for which an owner/occupier has no duty to a business invitee to prevent or warn against. Sidle, supra. Such dangers are obvious and apparent hazards that a business invitee is expected to discover and avoid through exercise of reasonable care. See, e.g., Id. Given the nature and frequency of this type of hazard, it would create an unreasonable duty upon the owner/occupier to require constant prevention or warning of them. Id., Parras, supra, and Anaple, supra.
In this case, the appellant testified in her deposition that she stepped into a puddle of oil and water mixture while crossing the service station lot to pay for gas. The appellant stated that she believed oil accumulated on the bottom of her shoe when she walked through the puddle, and that she slipped and fell when she stepped onto the concrete walkway adjacent to the blacktop lot and in front of the store entrance.
There was no substance or defect on the concrete walkway. Rather, the alleged hazardous condition in this case was on the blacktop portion of the lot several feet from the entranceway to the store. The blacktop area was not designated as a walkway in any manner, nor were patrons forbidden to park there, although the space was not specially designated for parking.
The appellant testified that she did not see the oil spill prior to her fall. She stated that she was paying attention as she crossed the service station lot and that nothing obstructed her view, but that she was looking at the store entrance as she was walking. The appellant stated that, after she fell, she noticed a rainbow colored substance in a pool of water on the blacktop, which she speculated to be oil. Pictures taken after the incident show a dark spot on the blacktop area of the service station lot several feet from the walkway and entrance to the store.
The appellant does not argue, and the evidence does not support a finding, that the appellee created the alleged hazard or had actual or constructive knowledge of it prior to the appellant's fall. See, e.g.,Johnson v. Wagner Provision Co. (1973), 36 Ohio St.2d 29, 31, andJackson, supra. Without a showing of some type of superior knowledge of the hazard, the appellee in this case cannot be held liable for an oil spill of this nature. Given its location in the parking lot, the oil spill was an open and obvious danger. The alleged oil spill was not latent. The appellant testified that, after her fall, she noticed what she believed to be an oil and water mixture in the area she crossed before stepping onto the concrete sidewalk. Moreover, the alleged oil spill was in an area where one would reasonably expect vehicles to park because of its proximity to the store's entrance.
Oil spills such as the one in this case are not unusual since it is a matter of common knowledge that motor vehicles may leak oil while parked. Parras, 160 Ohio St. at 318. Therefore, even if the appellant did not see the oil and water mixture as she walked across the lot, we believe that she should have reasonably expected to encounter oil or other automotive fluids in these areas. See Ashbaugh, supra. As such, the appellant herself had a duty to use reasonable care to avoid the hazard presented by the alleged oil spill. Ashbaugh, supra, and Preble, supra.
Because the hazard was open and obvious, we agree with the trial court that the appellee owed no duty to the appellee in this context.
No genuine issue of material fact exists so as to prelude judgment as a matter of law in favor of the appellee. Any issue regarding the appellant's ability to identify the cause of her fall is hereby rendered moot. Accordingly, we overrule appellant's assignment of error and affirm the trial court's judgment.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
Kline, P.J.: Concurs in Judgment and Opinion
Evans, J.: Dissents
 _________________________ William H. Harsha, Judge