DECISION AND JUDGMENT ENTRY
This is an appeal from a summary judgment entered by the Jackson County Common Pleas Court in favor of Jackson County and the Jackson County Commissioners, defendants below and appellees herein, on the claims brought against them by Brenda K. Shotts, plaintiff below and appellant herein. The following error is assigned for our review:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING THE DEFENDANTS-APPELLEES' MOTION FOR SUMMARY JUDGMENT WHEREAS GENUINE ISSUES OF MATERIAL FACT EXISTED SO AS TO PRECLUDE DEFENDANTS-APPELLEES FROM BEING ENTITLED TO JUDGMENT AS A MATTER OF LAW."
A brief summary of the facts pertinent to this appeal is as follows. Appellant married Charles Shotts, Jr. in 1985 and the couple had several children as issue of their marriage. They were later divorced in 1995. On the afternoon of July 24, 1998, appellant brought the children to the Jackson County Sheriff's Department where they were scheduled to be picked up by their paternal grandmother and taken for visitation with their father. When appellant left the Sheriff's Department, she slipped and fell down some crumbling concrete steps outside the county courthouse, thereby sustaining personal injury.[1]
Appellant commenced the action below on November 16, 1998, and alleged that Jackson County and the County Commissioners were both negligent and "wanton and reckless" in failing to maintain the steps outside the Sheriff's Department or to "warn the public" of the "known defects" therein. Appellant asked for damages in excess of $25,000 to compensate her for pain and suffering, lost wages and medical bills. Appellees denied liability and asserted a number of affirmative defenses.
On August 19, 1999, appellees filed a motion for summary judgment arguing that no genuine issues of material fact exist in this case and that they were entitled to judgment in their favor as a matter of law. In support of their motion, appellees relied on appellant's deposition testimony wherein she admitted that she was well aware, prior to walking on the steps at the time in question, of the crumbling steps and the missing pieces of concrete. Appellees also pointed out that appellant could not definitively state whether she fell because of the condition of the steps, or whether she twisted her ankle or foot thereby causing her to fall irrespective of the steps. In any event, appellees noted that the condition of the stairs was an open and obvious defect and that appellant knew of that defect at the time she walked down the steps. Thus, appellees argued that they had no legal duty to protect appellant from a condition against which she would be reasonably expected to protect herself. Appellees therefore concluded that they could not be held liable in negligence for her injuries.[2]
Appellant's memorandum contra asserted that genuine issues of material fact exist as to whether the defect (1) was open and obvious, and (2) could have reasonably been avoided. On this latter point, appellant cited her own uncontroverted deposition testimony that this stairway was the only means of ingress/egress to, or from, the Sheriff's Department. Appellant argued that these issues should be addressed by the trier of fact.
On November 24, 1999, the trial court sustained the motion and granted partial summary judgment to appellees. The trial court found that appellant "was aware of the condition of the step" and that such defect "was open and obvious[.]" Partial summary judgment was thus granted to appellees on the negligence claim. Appellant later dismissed her claim for "wanton and reckless conduct." This appeal followed.
Appellant argues in her assignment of error that the trial court improperly granted summary judgment to appellees on her negligence claim. We disagree. Our analysis begins from the standpoint that an appeal from a summary judgment is reviewed by us de novo. See Broadnax v.Greene Credit Service (1997), 118 Ohio App.3d 881, 887, 694 N.E.2d 167,171; Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38, 41,654 N.E.2d 1327, 1329; Maust v. Bank One Columbus, N.A. (1992),83 Ohio App.3d 103, 107, 614 N.E.2d 765, 768. That is to say we afford no deference to the trial court's decision, see Hicks v. Leffler (1997),119 Ohio App.3d 424, 427, 695 N.E.2d 777, 779; Dillon v. Med. Ctr.Hosp. (1993), 98 Ohio App.3d 510, 514-515, 648 N.E.2d 1375, 1378;Morehead v. Conley (1991), 75 Ohio App.3d 409, 411-412, 599 N.E.2d 786,788, and conduct our own independent review to determine if summary judgment was appropriate. Woods v. Dutta (1997), 119 Ohio App.3d 228,233-234, 695 N.E.2d 18, 21; Phillips v. Rayburn (1996),113 Ohio App.3d 374, 377, 680 N.E.2d 1279, 1281; McGee v. Goodyear AtomicCorp. (1995), 103 Ohio App.3d 236, 241, 659 N.E.2d 317, 320.
Summary judgment under Civ.R. 56(C) is appropriate when the movants are able to demonstrate that (1) there are no genuine issues of material fact, (2) they are entitled to judgment in their favor as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party; said party being entitled to have the evidence construed most strongly in their favor. Zivich v.Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370,696 N.E.2d 201, 204; Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383,385, 667 N.E.2d 1197, 1199; Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46, 47-48. Parties who request summary judgment bear the initial burden of demonstrating that no genuine issue of material fact exists and that they are entitled to judgment in their favor as a matter of law. See Vahila v. Hall (1997),77 Ohio St.3d 421, 429, 674 N.E.2d 1164, 1170; Dresher v. Burt (1996),75 Ohio St.3d 280, 293, 662 N.E.2d 264, 274; Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801. Once that burden is met, the onus then shifts to the non-moving parties to provide evidentiary materials in rebuttal. See Trout v. Parker (1991), 72 Ohio App.3d 720,723, 595 N.E.2d 1015, 1017; Campco Distributors, Inc. v. Fries (1987),42 Ohio App.3d 200, 201, 537 N.E.2d 661, 662-663; Whiteleather v.Yosowitz (1983), 10 Ohio App.3d 272, 275, 461 N.E.2d 1331, 1335-1336. With this in mind, we turn our attention to the proceedings below.
The dispositive question in this case is whether the trial court correctly determined that appellees were not liable in negligence for the injuries suffered by appellant when she fell down the courthouse steps. For the following reasons, we answer that question in the affirmative.
The Ohio Supreme Court stated that in order to establish actionable negligence, a claimant must show the existence of a duty, the breach of that duty and an injury proximately resulting therefrom. See Texler v.D.O. Summers Cleaners Shirt Laundry Co. (1998), 81 Ohio St.3d 677,680, 693 N.E.2d 271, 274; Federal Steel Wire Corp. v. Ruhlin Constr.Co. (1989), 45 Ohio St.3d 171, 173, 543 N.E.2d 769, 772; Menifee v. OhioWelding Products, Inc. (1984), 15 Ohio St.3d 75, 77, 472 N.E.2d 707,710. Ohio premises liability law dictates that a landowner's duty is dependent on the relationship between the landowner and the plaintiff and the foreseeability of injury to someone in the plaintiff's position. SeeSimmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642, 645,597 N.E.2d 504, 507; also see Huston v. Konieczny (1990),52 Ohio St.3d 214, 217, 556 N.E.2d 505, 508; Commerce Industry Ins.Co. v. Toledo (1989), 45 Ohio St.3d 96, 98, 543 N.E.2d 1188, 1192. This state adheres to the common law classifications of invitee, licensee and trespasser. Gladon v. Greater Cleveland Regional Transit Auth. (1996),75 Ohio St.3d 312, 315, 662 N.E.2d 287, 291; Shump v. FirstContinental-Robinwood Assoc. (1994), 71 Ohio St.3d 414, 417,644 N.E.2d 291, 294. Invitees are those persons who rightfully come upon the premises of another by invitation, express or implied, for some purpose which is beneficial to the owner. See Light v. Ohio University
(1986), 28 Ohio St.3d 66, 68, 502 N.E.2d 611, 613; Scheibel v. Lipton
(1951), 156 Ohio St. 308, 102 N.E.2d 453, at paragraph one of the syllabus. Licensees are those who enter the premises of another, either by permission or acquiescence, for their own benefit or pleasure. SeeLight, supra at 68, 502 N.E.2d at 613; Provencher v. Ohio Dept. ofTransp.(1990), 49 Ohio St.3d 265, 266, 551 N.E.2d 1257, 1258.
The parties in the cause sub judice have not attempted to definitively classify appellant's status at the courthouse but appear to proceed on the assumption that she was an invitee. We are not entirely convinced, however, that this was the case. As mentioned above, an invitee is one who ventures onto another's property for the benefit of the property owner. It is unclear to this Court how appellant's presence at the courthouse benefitted either Jackson County or the County Commissioners or even the Sheriff's Department. To the contrary, it would seem to us that appellant was there for her own benefit (i.e. to facilitate the children's visitation with their father) which would have made her a licensee on the premises.[3]
Fortunately, this Court need not resolve the issue of appellant's status as a licensee or an invitee because we would reach the same result in this matter under either classification and find that appellees were not liable in negligence. A licensee takes her license subject to its attendant risks and perils. Janowitz v. Holy Cross Church (Oct. 28, 1999), Cuyahoga App. No. 76561, unreported; Deangelis v. Donley (Jan. 29, 1999), Montgomery App. No. 17223, unreported; Smith v. Doctor'sHospital North (Mar. 22, 1994), Franklin App. No. 93APE08-1157, unreported. The licensor has no duty to the licensee except to refrain from wanton or willful acts of misconduct, and to warn of latent dangers. Jefferson v. Olexo (1989), 43 Ohio St.3d 140, 539 N.E.2d 614;Scheurer v. Trustees of the Open Bible Church (1963), 175 Ohio St. 163,192 N.E.2d 38, at paragraph two of the syllabus; Hannan v. Ehrlich
(1921), 102 Ohio St. 176, 131 N.E. 504, at paragraph four of the syllabus, and cannot be held liable for ordinary negligence. Provencher, supra at 266, 551 N.E.2d at 1258; Light, supra at 68, 502 N.E.2d at 613.
Thus, if appellant had licensee status while at the courthouse, the trial court correctly entered summary judgment in favor of appellees on the negligence claim because that claim was not sustainable against them in the first place.
If appellant had invitee status while at the courthouse, a different analytical process applies. We still, however, reach the same result. Landowners owe invitees the highest of legal duties. Branham v. Moore
(Nov. 8, 2000), Paulding App. No. 11-2000-9, unreported; White v.Brinegar (Jun. 1, 1994), Summit App. No. 16429, unreported; Brown v.Seis (Apr. 4, 1980), Lucas App. No. L-79-186, unreported. The landowner owes a duty to the invitee to exercise ordinary care for her safety and protection. Gladon, supra at 317, 662 N.E.2d at 293; Light, supra at 68,502 N.E.2d at 613. However, the landowner is not an insurer of her safety, Jackson v. King's Island (1979), 58 Ohio St.2d 357, 359,390 N.E.2d 810, 812; Holdshoe v. Whinery (1968), 14 Ohio St.2d 134,237 N.E.2d 127, at paragraph two of the syllabus; S.S. Kresge Co. v.Fader (1927), 116 Ohio St. 718, 723, 158 N.E. 174, 175, and has no duty to protect the invitee from dangers which are known to her or are so obvious and apparent that she may reasonably be expected to discover them and to protect herself from them. See Brinkman v. Ross (1993),68 Ohio St.3d 82, 84, 623 N.E.2d 1175, 1177; Paschal v. Rite Aid PharmacyInc. (1985), 18 Ohio St.3d 203 -204, 480 N.E.2d 474, 475; Sidle v.Humphrey (1968), 13 Ohio St.2d 45, 233 N.E.2d 589, at paragraph one of the syllabus.
Appellant's deposition testimony reveals that she had used these stairs at the courthouse "every Friday" for three (3) months prior to her accident and that she was well aware that pieces of the steps were missing. She also gave the following account of her fall down those steps:
 "Q. When you were walking down the steps did you look down at your feet where you were walking?
A. I was payin'[sic] attention, yes.
Q. Did you see where you were stepping?
A. Yes.
 Q. And did you see the step that you're saying you fell from prior to stepping on it?
A. Yes.
 Q. Was it obvious to you that there was a piece of that step missing already before you stepped on it?
 A. There was pieces missin'[sic] from both sides. Either side I went down I had to step on one of them.
 Q. But what I'm asking, was it obvious to you that the step that you stepped on had a missing piece on it before you stepped on it?
A. Yes." (Emphasis added).
It is manifestly clear from this exchange that the condition of the steps was an open and obvious danger and that appellant had full knowledge of such condition before she walked on the stairs. In view of the fact that appellees had no duty to protect appellant from the open and obvious danger, no breach of duty occurred and, thus, no actionable negligence exists. The trial court correctly entered summary judgment in appellees favor.
Our ruling herein is buttressed by another factor as well. Appellant gave the following testimony in her deposition when asked what caused her to fall down the steps:
 "Q. Now, as far as when you were walking down the steps did your ankle twist when you stepped on that second step?
 A. It twisted, yes. I don't know if it broke and my foot slipped a little bit and it twisted then or — but I know it twisted.
Q. So do you know what caused you to fall?
A. No.
 Q. You don't know if it was just merely you stepped on the side of your foot and your ankle twisted and you fell, or if it was the step crumbled or what happened?
A. I don't know." (Emphasis added).
The mere fact that someone has slipped and fallen is not sufficient to establish negligence. Shepherd v. Mount Carmel Health (Dec. 2, 1999), Franklin App. No. 99AP-197, unreported. Rather, it is incumbent upon the injured party to identify or to explain the reason for the fall. Stamperv. Middletown Hosp. Assn. (1989), 65 Ohio App.3d 65, 67-68,582 N.E.2d 1040, 1042; also see Howard v. Smith (Mar. 30, 1998), Butler App. No. CA97-07-136, unreported; Behnke v. B C Tavern (Dec. 4, 1995), Cuyahoga App. No. 68975, unreported. If the injured party cannot identify what caused her to fall, the trial court does not err by granting summary judgment to the property owner. Stamper, supra at 68,582 N.E.2d at 1042; also see Zimmerman v. Kroger Co. (Aug. 9, 2000), Jackson App. No. 00CA2, unreported; Hayes v. Wendy's International, Inc. (Feb. 16, 1999), Warren App. No. CA98-07-074, unreported.
In the case sub judice, appellant offered no evidentiary materials of her own to show that she could identify what caused her to slip and fall. It is arguably just as likely, given her testimony, that appellant stumbled of her own accord as it is that she slipped on the broken concrete of the steps. Therefore, we agree with the trial court's conclusion that appellant has not carried her burden to establish a genuine factual issue as to negligence. We thus find no error in the trial court's decision to grant summary judgment to appellees on that claim.
For these reasons, the assignment of error is not well taken and is, accordingly, overruled. The judgment of the trial court is hereby affirmed.
JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Evans, J.: Concur in Judgment Opinion
 ___________________________ Peter B. Abele, Judge
[1] The extent of her injuries is not entirely clear from the record. Appellant testified below that she was able to get up, "hobble" to her car and then drive to the hospital. She also related, however, that she was experiencing pain and other problems with, among other things, her neck and arm.
[2] We note that appellee did not assert the defense of political subdivision immunity in its motion for summary judgment.
[3] We note that there is little in the way of caselaw on this particular issue. Our research has uncovered some decisions which have held that the status of visitors on state or local government property is that of a licensee. See e.g. Provencher v. Ohio Dept. of Transp. (1990),49 Ohio St.3d 265, 551 N.E.2d 1257, at the syllabus (individuals using public roadside rest areas are licensees on state property); Hood v.Bethel-Tate School Dist. (Oct. 24, 1994), Clermont App. No. CA94-05-036, unreported (person in public school building is a licensee); but seeBlair v. Ohio Dept. of Rehab. Corr. (Ct.Claims 1989),61 Ohio Misc.2d 649, 657, 582 N.E.2d 673, 677-678 (rejecting several prior unreported Court of Claims cases and holding that one who visits an inmate at a state prison is an invitee because that person entered under public invitation in accord with the purpose for which the institution was held open to the public).