Stephenson, J.
 

 Plaintiff claims that she has pleaded and proven:
 

 (1) The ownership of the store; (2) an object causing defect in the aisle thereof; (3) the object being a sewing-stool, being at or near the sewing and thread counter; (4) after the stool caused plaintiff to fall, it was put back on the sewing and thread counter, where they were on display; (5) that the sewing-stool obstructed the aisle and safe passageway of plaintiff, and (6). that the stool was at the counter where the saleslady was pursuing her employment, and that it was a part of or belonged to the counter over which she had charge, supervision and control.
 

 She further claims that, having pleaded and proven these facts, she has presented a
 
 prima facie
 
 case and, in the absence of any explanation by defendant as to the presence of the stool in an aisle of the store at the time in question, her judgment should be affirmed.
 

 The defendant naturally claims that plaintiff failed to present a
 
 prima facie
 
 case or even such a case as invokes the doctrine of
 
 res ipsa loquitur.
 

 Our first concern is the duty which defendant owed plaintiff at the time and place of the accident. This court is committed to the law as announced-in the first paragraph of the syllabus in the case of
 
 J. C. Penny Co., Inc.,
 
 v.
 
 Robison,
 
 128 Ohio St., 626, 193 N. E., 401, wherein it was held that:
 

 “A storekeeper owes to a customer, shopping in his store, the duty to exercise ordinary care to have and keep his storeroom in a reasonably safe condition.”
 

 We find it necessary to repeat that this rule of law does not make the storekeeper an insurer. The stool in this ease was the proximate cause of injury. It was
 
 *40
 
 not an instrumentality used in the conduct of the store. It was an article of merchandise, displayed for sale. Doubtless its proper place when not being exhibited to a prospective customer was on the shelf, to which, according to the record, it was returned after the accident. Of course, had it been on the shelf when plaintiff was walking through the aisle there would have been no injury. But it was in the aisle. Who placed it there? As to how long it had been in the aisle need not be considered, as the record is silent on that proposition. The record is likewise silent as to the ownership of the stool, but inasmuch as the uncontradicted testimony shows that it was returned, after the injury, to a shelf on the outside of the display counter where there were other like articles of merchandise, the inference that it belonged to defendant is neither illogical nor unreasonable.
 

 There is no testimony in the record to the effect that defendant, its servants or employees placed the stool in the aisle; hence if plaintiff is to recover in this case she must recover upon the theory of
 
 res ipsa loquitur.
 
 It is one of the few Latin phrases retained in the law of negligence in Ohio. Literally translated it means, “The thing itself speaks”; but the courts and lawyers of the state have given to it a more liberal translation, namely, “The thing speaks for itself.”
 

 We call it a rule of evidence — and so it is. It must remain a rule of evidence, and by no stretch of the imagination should it be expanded into a rule of liability.
 

 It is a salutary rule in. some cases. The derailment of a passenger train, for instance. The injured passenger has no means of knowing the cause of the derailment. He pleads and proves that the train and tracks were under the sole and exclusive control of the railway company, that there was a derailment, and that such derailment was the .proximate cause of his
 
 *41
 
 injuries. He has made his case, and the law, under the rule of
 
 res ipsa loquitur,
 
 says to the railway company: “Explain this derailment, remove this inference of negligence, or respond in damages.” If under the circumstances the railway company can show that the derailment was caused by an obstruction placed on its tracks by a stranger to the company, no recovery can be had against it, as the passenger’s injury was proximately caused by an instrumentality over which it had no control.
 

 The case before us is in no wise comparable to a derailment case. The doctrine of
 
 res ipsa loquitur
 
 has been considered at length by the courts of Ohio, and it would shed no light on this case to enter into a discussion of those cases, as they are not in harmony, particularly on the proposition as to whether the intervention of the doctrine of
 
 res ipsa loquitur
 
 creates a presumption of negligence or an inference of negligence.
 

 We may say, in passing, that the Ohio cases dealing with the doctrine of
 
 res ipsa loquitur
 
 are carefully and ably discussed in 29 Ohio Jurisprudence, Section 153
 
 et seq.
 
 It will be noted from this collation that the weight of authority is to the effect that an inference arises rather than that a presumption of negligence ys thereby created, and that is the rule we now adopt.
 

 The rule as announced in the first paragraph of the syllabus in the case of
 
 Glowacki
 
 v.
 
 North Western Ohio Ry. & Power Co.,
 
 116 Ohio St., 451, 157 N. E., 21, has been followed for the past decade and we adhere to it, namely:
 

 “The rule of
 
 res ipsa loquitur
 
 is not a substantive rule of law. It is rather a rule of evidence which permits the jury, but not the court in a jury trial, to draw an inference of negligence where the instrumentality causing the injury is under the exclusive management
 
 *42
 
 and control of one of the parties and an accident occurs under circumstances where in the ordinary course of events it would not occur when ordinary care is observed. It is an evidential inference, not controlling upon the jury, but to be considered by the jury under proper instructions. A like inference under like circumstances may be drawn by the court when the court is the trier of the facts.”
 

 A more succinct rule is stated in the opinion in the case of
 
 St. Marys Gas Go.
 
 v.
 
 Brodbeck, Admr.,
 
 114 Ohio St., 423, 151 N. E., 323, where on page 433 it is said:
 

 “ ‘All that the rule of
 
 res ipsa loquitur
 
 means is that the circumstances involved in or connected with an accident may be of such unusual character as to justify, in the absence of any other evidence bearing upon the subject, the inference that the accident was due to the negligence of the one having the possession or control of the article or thing which caused the injury, because in the absence of explanation, this is the only fair and reasonable conclusion.’ ”
 

 In order to return a verdict for plaintiff, the jury was obliged to infer from the facts proven that defendant, its servants or employees, placed the stool in question in the aisle where plaintiff stumbled over it.
 

 To warrant such inference, it was necessary for plaintiff to prove that defendant had sole and exclusive control over it at all times. If it is just as reasonable to infer that a customer, or the child of a customer, or an interloper of any character, placed the stool in the aisle, as it is to infer that defendant, its servants or employees placed it there, then plaintiff cannot invoke the doctrine of
 
 res ipsa loquitur
 
 and she must fail in this action.
 

 Let us apply the rule of reason to the facts as they appear in this case.
 

 The accident occurred on December 15, 1932, during
 
 *43
 
 the Christmas shopping season. Many customers were in the store at the time. The clerks were busy. The stool in question was an article of- merchandise. It was kept on a shelf on the display counter. This we infer from the fact that plaintiff testified it was returned to this shelf after the accident, and that there were similar articles of merchandise on this shelf. This display counter was in the form of a hollow square. The lady attendant occupied the inside or hollow of the square, and customers approached her from the four, sides thereof. It was completely enclosed. The shelf on which the stool was displayed was on the outside where the customers congregated. The stool was readily accessible to the customers but not to the clerk. The stool found its way into the aisle. If an employee placed it in the aisle, it must have been the young lady who had charge of the display counter. For aught that the record discloses, no other employee had any business at that particular counter; besides, they were all busy with their own customers. If the young lady at the display counter placed the stool in the aisle, she had to come out from under the display counter. No one saw her outside of the display counter prior to the accident. Plaintiff says she did come out from under the counter just about the time she tripped and fell. The lady clerk did not put the stool in the aisle then or plaintiff would have seen her do it and would have so testified. The clerk was going with plaintiff to another counter to get some long-gyed needles.
 

 Now, under all the circumstances, who placed the stool in the aisle ? Is it not just as reasonable to infer, under all the circumstances of this case, that a customer, a child or an interloper placed it there as it is to infer that defendant, its servants or employees so placed it?
 

 The case of
 
 S. S. Kresge Co.
 
 v.
 
 Fader,
 
 116 Ohio St.,
 
 *44
 
 718, 158 N. E., 174, first paragraph of the syllabus, reiterates and re-emphasizes the doctrine that owners and lessees of stores are not insurers against all accidents and injuries to patrons while in their stores. We are impressed with the logic found on page 724 of that opinion, namely:
 

 “It is not the duty of persons in control of such buildings to keep a large force of moppers to mop up the rain as fast as it falls or blows in, or is carried in by wet feet or clothing or umbrellas, for several very good reasons, all so obvious that it is wholly unnecessary to mention them here in detail.”
 

 The dictates of ordinary care do not impose unusual and unreasonable burdens. The defendant in the instant case was not required to employ a force of inspectors to watch customers at all times to see that they placed no obstacles in the aisles of the store. The employees were charged with the duty to exercise ordinary care to see that no obstructions were placed in the aisles; but they could not be required to be both salesmen and watchmen at any and all times.
 

 “The maxim of
 
 res ipsa loquitur
 
 relates merely to negligence
 
 prima facie
 
 and is available without excluding all other possibilities, but it does not apply when there is direct evidence as to the cause, or when the facts are such that an inference that the accident was due to a cause other than defendant’s negligence could be drawn as reasonably as that it was due to his negligence.” 29 Cyc., 624.
 

 Plaintiff ignores the-doctrine of . res
 
 ipsa loquitur
 
 in words, but does she not invoke it in theory? She claims that she stibmitted a
 
 prima facie
 
 case to the jury and was accordingly entitled to the verdict she obtained. We adopt her definition of a
 
 prima facie
 
 case, namely:
 

 “Prima facie
 
 case is, one which is apparently established by evidence adduced by plaintiff in support of
 
 *45
 
 Ms case up to the time such evidence stands unexplained and uneontradicted. ”
 

 Plaintiff further claims that this is not a case necessarily arising under the doctrine of
 
 res ipsa loquitur,
 
 but rather one established by
 
 prima facie
 
 evidence, which includes all the facts and circumstances tending to place responsibility upon the defendant.
 

 We cannot agree that plaintiff presented a
 
 prima
 
 facie'case. She did not prove who was responsible for the'stool being in the aisle; but from the fact that it was there she insists the jury had the fight to infer that defendant was responsible for its being there.
 

 Such proof was not sufficient to put defendant upon explanation under the theory of
 
 res ipsa loquitur.
 

 The court erred in' overruling the motion of defendant for a directed verdict at the close of plaintiff’s case, and the Court of Appeals erred in affirming the judgment of the Court of Common Pleas.
 

 The judgments of the Court of Common Pleas and Court of Appeals are reversed, and judgment is rendered for the defendant, The Strouss-Hirshberg Company.
 

 Judgment reversed.
 

 Weygandt, C. J., Jones, Matthias and Zimmerman, JJ., concur.
 

 Williams, J., not participating.