Griffith, J.
The issue presented, in this case is whether the doctrine of res ipsa loquitur is applicable where a plaintiff is injured when a board temporarily covering a channel in the floor of a grocery store during remodeling gives way causing plaintiff to fall.
In the case of Renneckar v. Canton Terminal Restaurant, Inc., 148 Ohio St., 119, wherein plaintiff there stepped into a manhole in a public sidewalk, paragraphs one and two of the syllabus read:
“1. Res ipsa loquitur is a rule of evidence which permits, but does not require, the jury to draw an inference of negligence in a case where the instrumentality causing injury is shown to have been within the exclusive control and manage *124 ment of the defendant, and where the circumstances attending the injury were of such a character in themselves as to warrant the conclusion that a lack of ordinary care on the part of the defendant was responsible for the occurrence or condition causing the injury.
“2. Res ipsa loquitur does not apply to a situation in which an injury occurs as the result of the displacement of a manhole cover located in a public sidewalk over premises subleased to a defendant, where there is no showing that such defendant was in exclusive control of the cover, had made use of it, had notice of the displacement, and where it is apparent that the displacement could have been due as well to the intervention of an outside force or of a third person as to any negligence of the defendant. ’ ’
Thus, in that case plaintiff was denied the application of the doctrine of res ipsa loquitur because of lack of control by the defendant of the instrumentality causing the injury. In the course of the opinion, Zimmerman, J., stated at page 124:
“The manhole cover was in the public sidewalk and was not in the exclusive control of the defendant. Such manhole cover was traversed by the public and was subject to the contingencies of that use. It was liable to become displaced in different ways, without the fault or knowledge of the defendant. The character of plaintiff’s. misfortune and the circumstances attending it point as much if not more to its being the result of the intervention of an outside force or of a third person as to any negligence of the defendant.” See, also, City of Cleveland v. Amato, 123 Ohio St., 575, and Sherlock v. Strouss-Hirshberg Co., 132 Ohio St., 35.
Basically, the situation here is the same as that presented in the Renneckar case. There, the area in which the injury occurred was exposed to public use. Here, the area in which the injury occurred was inside defendant’s store, but, nonetheless, it was also exposed to use by defendant’s customers, and, according to evidence received at the trial, there were many on the day of the injury.
Hence, as in the Renneckar case, it is just as reasonable to infer that the board was dislodged by the act of a customer as to infer negligence on the part of the defendant. Under *125 the rule of the Bennechar case this possibility of two reasonable inferences precludes application of the res ipsa loquitur doctrine. See, also, Krupar v. Procter & Gamble Co., 160 Ohio St., 489.
Where a customer in a store is injured when a board covering an open channel in the floor gives way in an area traversed by many customers on the day of the injury, it is just as reasonable to infer that the dangerous condition causing the injury resulted from an act of a customer as to infer negligence on the part of the storeowner, and the doctrine of res ipsa loquitur is not applicable.
Although it was error for the trial court to instruct the jury on the doctrine of res ipsa loquitur, the verdict and judgment of that court were in defendant’s favor and were correct.
Hence, the judgment of the Court of Appeals is reversed and final judgment is rendered for defendant.

Judgment reversed.

Taft, C. J., Zimmerman, O’Neill and Gibson, JJ., concur.
Matthias and Herbert, JJ., dissent.