RODGER, APPELLANT, *v.* McDONALD'S RESTAURANTS OF OHIO, INC. ET AL., APPELLEES.

(No. 44548—Decided December 9, 1982.)

*Mr. Yale A. Barkan,* for appellant.
*Mr. Harvey Bruner,* for appellees.

JACKSON, J. This is an appeal from a decision of the Cuyahoga County Court of Common Pleas granting summary judgment against plaintiff-appellant, John M. Rodger, and in favor of defendants-appellees, McDonald's Restaurants of Ohio, Inc. and Finklea, Inc.

In determining the validity of a decision of the trial court granting summary judgment, the nonmoving party is entitled to have all reasonable competing inferences and the evidence construed most strongly in his favor.[1] The record reveals the following facts pertinent to disposition of the issues raised by this appeal.

On December 4, 1980, at approximately 6:30 p.m., appellant John Rodger left his business office in Avon Lake, Ohio to meet a friend at a tavern on the near west side of Cleveland. Appellant left the tavern at approximately 7:50 p.m., and headed for his Shaker Heights residence. As he was approaching 10660 Euclid Avenue in Cleveland, appellant decided to stop at a McDonald's Restaurant owned and operated by appellee Finklea, Inc.[2] He parked his car in the lot behind the building, and entered

---

[1] See Civ. R. 56(C), *infra.*

[2] Appellant was born in Chicago, and moved to the Cleveland area in 1968. In his deposition testimony he indicated that he had never before stopped at the McDonald's

restaurant at the corner of East 107th and Euclid, and that when he stopped he was not "concerned about the neighborhood." He further stated that because of his past experience at many McDonald's restaurants, he "always felt like [he] could stop for a safe meal."

the crowded restaurant. As he walked past a group of people who appeared to be waiting just inside the entranceway for a bus, appellant noticed the location of the restaurant's restrooms in the rear. After placing his order, appellant asked the McDonald's employee at the counter if he could use the washroom; she responded that the restroom doors were locked and that she would have to "buzz" him in. Appellant walked out of direct view of the counter area and down an aisle to the restroom; when the door buzzed he entered the restroom. When appellant walked into the restroom he was assaulted by a man who either followed him into the washroom or who was hiding behind the door when he entered. Appellant shouted for help and was struck repeatedly in the face. Appellant had $40 on his person, but the assailant did not get the money. The assailant immediately departed the restroom, and by the time appellant was able to return to the restaurant area the assailant was gone. Appellant informed the manager of the restaurant about the incident, and received emergency room treatment for his injuries at a local hospital.[3]

The appellant alleged in his complaint that the counter employee carelessly and negligently permitted the assailant to enter the restroom with him, and that defendants failed to come to his aid after he called for help. He further alleged that he suffered severe bruises, incurred medical expenses, lost time from work, and received disfiguring scars. In the prayer, appellant sought damages of $250,000 and costs. In their joint answer appellees denied that the employee at the front counter was negligent, and denied that they had failed to come to appellant's aid or to apprehend the assailant; appellees also asserted the affirmative defenses of contributory negligence and assumption of risk.[4]

On April 11, 1981, a pretrial conference was convened by the trial court, and a second pretrial conference was scheduled for late August. On August 28, 1981, appellees filed a motion for summary judgment and in support of such motion filed unauthenticated copies of portions of appellant's pretrial deposition,[5] and an affidavit from a stockholder of Finklea, Inc. who asserted that, apart from the incident involving appellant, she had no personal knowledge that anyone had ever been assaulted in the restaurant after August 1, 1978, and that she had no reason to know that appellant would be assaulted in the restroom.[6]

Appellant did not file a brief or documentary evidence in opposition to the motion for summary judgment. Nor did appellant object to the timeliness of the

---

[3] Appellant was wounded on the cheek, and received four stitches in both his lips, and inside his mouth; when he arrived at the hospital one eye was swollen shut.

[4] In the complaint appellant asserted that appellee McDonald's Restaurants of Ohio, Inc. was the owner or operator of the restaurant; this however, was denied by McDonald's Restaurants of Ohio, Inc. in the answer. Although Mrs. Finklea in her affidavit stated that appellee Finklea, Inc. owned and operated the restaurant, this court is unable to conclude as a matter of law from this statement alone that McDonald's Restaurants of Ohio, Inc. did not have sufficient control over the operation to warrant the imposition of civil liability.

[5] Appellant's deposition testimony indicated that although there was a large mirror in the restaurant which might have enabled the employees at the counter to see the door to the washroom, the group of people permitted by the restaurant to wait inside the entranceway of the restaurant for a bus obstructed the view of the restroom area by the counter employee. He stated he didn't know whether the employee at the counter saw the assailant follow him into the restroom.

[6] There is nothing in the stockholder's affidavit which indicates that she was in a position to receive information concerning incidents on or about the restaurant premises. See Civ. R. 56(E).

motion, or the evidentiary quality of the documentary evidence filed by appellees.[7] The trial court granted summary judgment against appellant and a timely appeal was perfected to this court.

In the three errors assigned by appellant it is contended that the trial court erroneously granted appellees' motion for summary judgment. Upon consideration of the pleadings and the evidence submitted by appellees in support of the motion, we are persuaded that this contention is well-taken.

Civ. R. 56 governs summary judgment proceedings. Civ. R. 56(C) provides in pertinent part:

"* * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. *A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.*" (Emphasis added.)

Pursuant to Civ. R. 56(E), where the evidentiary materials filed by the moving party do not establish the absence of a genuine issue of material fact and that the moving party is entitled to judgment as a matter of law, summary judgment must be denied even if no opposing evidentiary material is presented by the nonmoving party. See Advisory Committee's Note to the 1963 Amendments to Fed. R. Civ. P. 56, reprinted at 31 F.R.D. 647, 648; and 10A Wright & Miller, Federal Practice and Procedure (1973) 511, Section 2739; and cf. *Adickes* v. *S.H. Kress & Co.* (1970), 398 U.S. 144. Because it is the purpose of summary judgment to pierce the allegations of the pleadings and to assess the proof to determine whether there is a need for trial,[8] a party opposing a motion for summary judgment need not come forward with documentary evidence, if the moving party has not supported his motion to the point of demonstrating, with competent evidence, that the material factual allegations of the nonmoving party's pleadings are mere sham, and that such moving party is entitled to judgment. Cf. *Brunswick Corp.* v. *Vineberg* (C.A. 5, 1967), 370 F. 2d 605, 612.

The party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 66 [8 O.O.3d 73].

Based upon the sparse evidence presented below, this court is unable to conclude as a matter of law that appellant's factual allegation of negligence by appellees' employee was mere sham, and that appellees were entitled to judgment. The record is virtually silent with respect to the existence of past incidents

---

[7] By failing to interpose a timely objection, any error committed by the court in considering the untimely motion or the unauthenticated documentary evidence was waived by appellant for purposes of this appeal. See *Brown* v. *Insurance Co.* (1978), 63 Ohio App. 2d 87 [17 O.O.3d 267].

[8] And, see, *Dawkins* v. *Green* (C.A. 5, 1969), 412 F. 2d 644, 646 (where the court determined that because the moving party's evidentiary materials contained mere factual "conclusions" of no probative value, the failure of the party opposing the motion to refute those factual conclusions with documentary evidence did not warrant the granting of a summary judgment in favor of the moving party).

of violence in or about the restaurant which might have put appellees' employees on notice of potential harm to customers; the record is also silent with respect to what, if anything, was in fact observed or heard by appellees' employees when the assailant entered and remained in the restroom.

This court is not persuaded that the affidavit of Mrs. Finklea, as a stockholder of Finklea, Inc., is sufficient to negate the allegations of the pleadings, for it does not appear from her affidavit that she had personal knowledge of, or received reports concerning, criminal episodes at the restaurant in question.

In their brief supporting the motion for summary judgment, appellees make reference to an affidavit of Richard Lee Bennett, manager of the restaurant in question, who is quoted as saying that appellant was intoxicated when the incident occurred. The appellees did not quote Bennett as having stated in his affidavit that, from personal knowledge, similar incidents had not occurred in the past which would be relevant to the issue of negligence as charged in appellant's complaint. No mention of Bennett's affidavit is made in appellees' brief on appeal.

A careful review of the record from the trial court discloses that no affidavit whatsoever from Bennett was filed by appellees in the trial court with their motion for summary judgment. In view of the burden imposed on appellees by Civ. R. 56(C) to demonstrate that no genuine issue of material fact exists for trial on the issue of negligence, it is significant that an affidavit by a stockholder, rather than the manager of the restaurant, was submitted to provide personal knowledge of such matter.

In the absence of evidence which would, as a matter of law, absolve the appellees of the charge of negligence, there remains a genuine issue of fact for trial. It was therefore error for the trial court to grant the appellees' motion for summary judgment.

Accordingly, the judgment of the trial court is reversed and the case is remanded for further proceedings, at appellees' costs.

*Judgment reversed and case remanded.*

PARRINO, J., concurs.

CORRIGAN, P.J., dissents.

PARRINO, J., concurring. I concur in the opinion of Judge Jackson but wish to make a few additional observations.

Appellees contend that the failure of appellant to respond in any manner to appellees' motion for summary judgment determines that judgment was properly entered in their favor by the trial court. For the reasons herein stated I do not agree with appellees' contentions.

Under Civ. R. 56(A) and (B), a party may move for summary judgment "with or without supporting affidavits." If a court can determine from the pleadings alone that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law, the judgment shall be so entered.

Further, under Civ. R. 56(E), it is provided:

"* * * When a motion for summary judgment is made *and supported* as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." (Emphasis added.)

Therefore, where a motion is not supported by affidavits (or other evidentiary materials), the nonmoving party may rest upon his pleadings.

It follows that where a movant provides evidentiary support for only *some* of the facts which must be shown to entitle him to a judgment on a claim, the nonmoving party may rest upon his pleadings as to those facts which are not so sup-

260

ported. See *Mason* v. *Roberts* (1971), 35 Ohio App. 2d 29 [62 O.O.2d 346]. As such, the trial court may grant partial summary judgment only or simply limit its order to a specification of those facts which are without controversy. See Civ. R. 56(A) and (D).

Appellant makes two basic claims in the case *sub judice*: (1) prior to the assault, appellees' agents and/or employees knew or should have known that appellant was in danger of being assaulted and (2) after the assault had begun, appellees' agents and/or employees knew or should have known that appellant was being assaulted; in both of which cases adequate corrective action should have been taken.

With respect to the first claim, it is unrebutted that Mrs. Finklea had no personal knowledge of any prior assaults or other acts of violence in the restaurant. However, from this fact alone reasonable minds could not necessarily conclude that appellees' agents and/or employees had no such prior information.

In her affidavit Mrs. Finklea states that she is a stockholder in the corporation that operates the restaurant. She does not aver facts sufficient to demonstrate that she is an officer, agent or employee of the corporation, or that she is otherwise in a position to know whether prior incidents occurred on the premises.

With respect to the second claim, genuine issues of fact, raised by the pleadings, remain to be resolved as to whether any employees and/or agents of the corporation knew or should have known that appellant was being assaulted and whether they could have come to appellant's aid. It is up to the appellees, as movants, to produce supporting materials in their favor on these issues before appellant is required to produce countervailing materials.

Accordingly, I concur in the judgment of this court reversing the judgment of the court below.

CORRIGAN, P.J., dissenting. I respectfully dissent and conclude that the trial court properly granted the appellees' motion for summary judgment.

Civ. R. 56(E) provides:

"*Form of affidavits; further testimony; defense required.* Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits. *When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.*" (Emphasis added.)

In *Citizens Ins. Co.* v. *Burkes* (1978), 56 Ohio App. 2d 88 [10 O.O.3d 119], paragraph two of the syllabus, this court stated:

"When a party moves for summary judgment and supports his motion with evidentiary documents such as affidavits, depositions, answers to interrogatories, written admissions, transcripts of evidence in the pending case, or written stipulations of fact, the party opposing the motion for summary judgment may not rest upon the mere allegations or denials in his pleadings, but his response by affidavit or as otherwise provided in Civ. R. 56(C) must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if otherwise appropriate, shall be entered against him."

We went on to say the following in

*Goldman* v. *Transportation Leasing* (Feb. 19, 1981), Cuyahoga App. No. 42480, unreported:

"This court held in *Citizens Ins. Co.* v. *Burkes* (1978), 56 Ohio App. 2d 88 [10 O.O.3d 119], that where a movant files evidentiary material to support his motion for summary judgment, an opposing party may not rely on the mere allegations or denials of his pleadings but must also file evidentiary material as provided for in Civil Rule 56(C) to demonstrate that a genuine issue of material fact exists for trial.

"In order to prevail on appeal, plaintiff must demonstrate either that there existed a genuine issue of material fact between the parties or that the defendant was not entitled to judgment as a matter of law."

In this case there is no dispute as to the facts. Both parties agree that the incident occurred as the appellant says it did. In fact, the appellees attached the appellant's deposition to their motion for summary judgment as evidentiary support.

Therefore, the only issue is whether the appellees were entitled to judgment as a matter of law. In *Howard* v. *Rogers* (1969), 19 Ohio St. 2d 42, 46-47 [48 O.O.2d 52], the court stated:

"Such an occupier of premises for business purposes may be subject to liability for harm caused to such a business invitee by the conduct of third persons that endangers the safety of such invitee, just as such occupier may be subject to liability for harm caused to such invitee by any dangerous condition of those premises. *Holdshoe* v. *Whinery* (1968), 14 Ohio St. 2d 134 [43 O.O.2d 240], 237 N.E. 2d 127; Restatement of the Law, Torts 2d, Section 344. See *Sherlock* v. *Strouss-Hirshberg Co.* (1936), 132 Ohio St. 35 [7 O.O. 92], 4 N.E. 2d 912; *Johnson* v. *Wagner Provision Co.* (1943), 141 Ohio St. 584 [26 O.O. 161], 49 N.E. 2d 925; *Campbell* v. *Hughes Provision Co.* (1950), 153 Ohio St. 9 [41 O.O. 107], 90 N.E. 2d 694; *Kokinos* v. *Ohio Greyhound, Inc.* (1950), 153 Ohio St. 435 [41 O.O. 430], 92 N.E. 2d 386.

"However, it is well settled that an occupier of premises for business purposes is not an insurer of the safety of his business invitees while they are on those premises. *Holdshoe* v. *Whinery, supra* (14 Ohio St. 2d 134 [43 O.O.3d 240]); *Johnson* v. *Wagner Provision Co., supra* (141 Ohio St. 584 [26 O.O. 161]); Prosser on Torts (3 Ed.), 402, Section 61.

"Thus, where an occupier of premises for business purposes does not, and could not in the exercise of ordinary care, know of a danger which causes injury to his business invitee, he is not liable therefor. *Johnson* v. *Wagner Provision Co., supra* (141 Ohio St. 584 [26 O.O. 161]); *Sherlock* v. *Strouss-Hirshberg Co., supra* (132 Ohio St. 35 [7 O.O. 92]); *Holdshoe* v. *Whinery, supra* (14 Ohio St. 2d 134 [43 O.O.2d 240]), at 138; Restatement of the Law, Torts 2d, Section 344, Comment f; Prosser on Torts (3 Ed.), 405, Section 61; annotation, liability of proprietor for injury to customer or patron caused by pushing, crowding, etc. of other patrons, 20 A.L.R. 2d 8, 25; annotation, liability of owner or operator of theatre or other amusement for assault on patron by another patron, 29 A.L.R. 2d 911, 915.

"As stated in Comment f to Section 344 of the Restatement of the Law, Torts 2d:

" 'Since the possessor is not an insurer of the visitor's safety, he is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person are occurring or are about to occur. * * *' "

The affidavit of Mrs. Finklea stated that she had no reason to know that violence had been or would be taking place in the restaurant's restrooms and that since she had bought the restaurant two years before this incident no one had been assaulted in the restaurant as far as she knew. There were no facts to contradict her statement. To comply with

Civ. R. 56(E) it was necessary for the appellant to respond to the motion for summary judgment and not merely to rest on the allegations of the complaint. The trial court did not err when it granted summary judgment to the appellees.