I respectfully dissent.
First, I do not believe that this Court should sua sponte
raise the issue that "the trial court went beyond the limits for assessing the evidence to support a summary judgment." Appellant has never argued that the trial court considered evidence outside the scope of Civ.R. 56(C). Both parties agreed that the court should consider the oral testimony, and both parties participated without objection to this procedure at the hearing. In her brief, appellant did not argue that the trial court should not have considered certain evidence. Rather, appellant argued that the trial court erroneously weighed the evidence, that disputed facts did exist, that the evidence was not clear and convincing, and that the trial court erred by awarding punitive attorney fees and bond requirements.
Second, the proceedings were conducted as a trial on the merits rather than on a motion for summary judgment. The court heard four witnesses covering one hundred seventy-two pages of testimony and admitted fourteen exhibits. The parties filed written closing arguments, as directed by the court, and referred to the proceeding as a trial. In the final order, the court stated that the evidentiary hearing was on the issuance of a preliminary and permanent injunction. The court explained the standard the plaintiff must meet to obtain a preliminary and permanent injunction, weighed and analyzed the evidence, and concluded "that Plaintiff's `right to an injunction is clear and the proof thereof clear and convincing.'"
Third, even assuming arguendo that the proceedings could be construed to have been on the motions for summary judgment, no objection was raised to the evidence submitted. Generally, "[a] trial court is precluded from considering supplemental oral testimony introduced for the first time at a hearing on a motion for summary judgment under Civ.R. 56." Carrabine Constr. Co. v.Chrysler Realty Corp. (1986), 25 Ohio St.3d 222, syllabus. However, a trial court may consider evidence other than the types specified in Civ.R. 56(C) when no objection is raised. See Rodgerv. McDonald's Restaurants of Ohio, Inc. (1982), 8 Ohio App.3d 256;Salter v. Marco (May 20, 1992), Lorain App. No. 91CA005182, unreported; Yeager v. Emro Marketing Co. (Mar. 21, 1990), Lorain App. No. 89CA004589, unreported; Romes v. Ford Motor Co. (Nov. 8, 1989), Lorain App. No. 89CA004518, unreported.
This is not a case where a judgment, summary or otherwise, was entered against a party without giving him an opportunity to respond. Appellant had several opportunities to bring the problem to the attention of the trial court, but failed to do so. Therefore, even assuming arguendo that the hearing was held for the purpose of the summary judgment motions and assuming arguendo
that appellant had raised this issue as error, this Court need not consider the error because appellant failed to bring the matter to the trial court's attention. See State v. Gordon (1971), 28 Ohio St.2d 45; State v. Meadows (May 23, 1984), Medina App. No. 1311, unreported; Henry v. City of Akron (Oct. 23, 1985), Summit App. Nos. 11999, 12014, unreported; State v. Barbuto (Dec. 12, 1980), Summit App. No. 9712, unreported; State v. Constable (Jan. 25, 1989), Wayne App. No. 2386, unreported; City of Akron v. Azar
(Jul. 8, 1987), Summit App. No. 12898, unreported; State v.Zadamsky (Sept. 27, 1978), Lorain App. No. 2694, unreported.
Therefore, because I would hold that any error was either invited by the parties or waived, I would review the case on the merits and affirm the judgment of the trial court. See, e.g.,Stegawski v. Cleveland Anesthesia Group Inc. (1987), 37 Ohio App.3d 78; Scott v. Walden (June 27, 1991), Pickaway App. Nos. 90CA16, 90CA22, unreported.