{¶ 34} Although I concur with the majority, I believe that the following language cited in the opinion is subject to further qualification and is not the law in our district. The majority states that: "[u]nless it is subject to a recognized exception, hearsay evidence is ordinarily not allowed in opposing a properly supported motion for summary judgment to shift the burden of proof. Harmon v. Schroeder (Dec. 17, 1986), 3rd Dist. No. 4-85-17, 1986 Ohio App. LEXIS 9391, at 6 (plaintiff was not allowed to use deposition testimony to provide proof of an element of the case, when the testimony was simply relaying hearsay statements of others); Cf. Civ.R. 56(E) (`affidavits * * * shall set forth such facts as would be admissible in evidence'); Orlando v. Powertrain Div., General Motors Corp.
(Aug. 6, 1999), 6th Dist. No. L-99-1037, 1999 Ohio App. LEXIS 3579, at 9 (affidavits and deposition testimony containing `hearsay and speculation' cannot be considered by the trial court or the appellate court)."
 {¶ 35} This writer notes that when there is no timely objection to submissions that otherwise could be excluded, the trial court might include such material in its analysis regarding a decision on a motion for summary judgment. Rodger v.McDonald's Restaurants of Ohio, Inc. (1982), 8 Ohio App.3d 256, at paragraph one of the syllabus; Chiles v. Cuyahoga CommunityCollege (Dec. 5, 1996), 8th Dist. No. 70658, 1996 Ohio App. LEXIS 5466, at 4; Christe v. GMS Mgt. Co., Inc. (1997),124 Ohio App.3d 84, 90; Sreshta v. Kaydan (May 6, 1999), 8th Dist. No. 74081, 1999 Ohio App. LEXIS 2066, at 6-7; Jarrell v.Englefield (Mar. 17, 2000), 11th Dist. No. 98-P-0105, 2000 Ohio App. LEXIS 1076, at 2; Ryser v. Conrad (Mar. 31, 2000), 11th Dist. No. 98-T-0088, 2000 Ohio App. LEXIS 1428, at 8; Kanu v.George Dev., Inc., 6th Dist. Nos. L-02-1140 and L-02-1139, 2002-Ohio-6356, at ¶ 13.
 {¶ 36} For the foregoing reasons, I respectfully concur in the judgment.