BROWN, APPELLEE, *v.*
OHIO CASUALTY INSURANCE CO., APPELLANT.

[Cite as Brown v. Insurance Co. (1978),
63 Ohio App. 2d 87.]

(No. 37667—Decided October 12, 1978.)

*Mr. Jack N. Turoff,* for appellee.
*Mr. William E. Armstrong,* for appellant.

CORRIGAN, C. J.   This is an appeal from an order of the trial court granting a motion for summary judgment in favor of the plaintiff-appellee, Helen Brown. The record shows that the plaintiff applied for an automobile insurance policy from the defendant-appellant, The Ohio Security Insurance Company,* on March 9, 1970. On the application form, the plaintiff requested that her husband, John Brown, be excluded from coverage. The policy was subsequently issued. The policy also contained a general endorsement which stated:

"It is hereby understood and agreed that coverage is in force and is effective when the insured vehicle is being operated by the named insured only."

This endorsement was signed by the plaintiff. Thereafter, the policy was renewed by the parties every six months.

On March 13, 1975, the plaintiff's husband was involved in an auto collision while driving the plaintiff's car. Subsequently, on August 18, 1975, Ralph and Estella Cramer, the victims of the auto collision, together with their insurer, State Automobile Insurance Company, initiated a negligence action in Common Pleas Court against the plaintiff and her husband. The plaintiff notified the defendant of the suit, but it determined that the coverage of the policy did not apply to this situation and therefore declined to defend the plaintiff in the action.

On February 4, 1976, the plaintiff initiated this action by filing a complaint for declaratory judgment. The defendant filed a motion to dismiss on the grounds that the plaintiff failed to attach a copy of the insurance policy to the complaint, pursuant to Civil Rule 10(D). A supplemental complaint was filed by the plaintiff on May 12, 1976. In her complaint, the plaintiff stated that the insurance policy contained an omnibus provision, by which all persons using the automobile specified were covered by the policy. Copies of the insurance policy and the complaint in the lawsuit initiated by the Cramers against the plaintiff and her husband were attached to the supplemental complaint. No answer, to either the plaintiff's first or supplemental complaint, was filed by the defendant.

The plaintiff filed a motion for summary judgment on December 1, 1976. In the brief accompanying the motion, the plaintiff stated that the defendant contracted to provide

---

\* By stipulation of counsel, The Ohio Security Insurance Company was substituted for the company originally named as defendant.

coverage for any accident arising out of the ownership, maintenance, or use of the automobile. She further stated that she had been named in the lawsuit by the Cramers as a defendant as a result of her negligent entrustment of the automobile to her husband. Attached to the plaintiff's motion for summary judgment was a copy of the insurance policy, copies of the semi-annual renewal forms, and a copy of the complaint in the Cramer lawsuit.

The defendant filed a motion for summary judgment on December 17, 1976. It argued in the accompanying brief that the policy and the endorsement were designed to cover only the plaintiff's use of the automobile, and therefore, because the accident arose out of her husband's use of the car, the defendant was not obliged to defend the plaintiff. The defendant also attached a copy of the plaintiff's application for insurance to the motion for summary judgment.

The plaintiff's motion for summary judgment was granted by the court on February 17, 1977. The court ordered the defendant to defend the plaintiff in the action between the plaintiff and the Cramers. The court also ordered the defendant to reimburse the plaintiff for reasonable attorney fees. The trial court also overruled the defendant's motion for summary judgment. From those orders, defendant filed a notice of appeal. Two assignments of error have been raised:

"I. The rendering of summary judgment for Helen Brown is erroneous as a matter of law because it ignores the intent of the parties and the plain language of the contract itself.

"II. The trial court erroneously rendered summary judgment for plaintiff appellee based upon unverified documents which accompanied said motion for summary judgment contrary to the provisions of Civil Rule 56(C)."

Because of the nature of the assigned errors, they will be handled in reverse order. In assignment of error number two, the appellant argues that the trial court erred by granting the motion for summary judgment based on the documents filed with the motion. The record reflects that none of the papers filed with either motion for summary judgment were certified.

Civil Rule 56(C) sets out the types of documents which may be used to support a motion for summary judgment. This rule states, in part:

"Summary judgment shall be rendered forthwith if the

pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

In the present case, the papers attached to the summary judgment motions do not fall into any of the categories set out above. In *Morris* v. *First Natl. Bank & Trust Co.* (1968), 15 Ohio St. 2d 184, the court stated that the list of documents contained in the summary judgment rule is exclusive. Although *Morris* was decided before the adoption of the Ohio Rules of Civil Procedure, the language of R. C. 2311.041, the predecessor of Civil Rule 56, which was considered by the court, is identical to that portion of Civil Rule 56(C) set out above.

In concluding, the court stated:

"Section 2311.041, Revised Code, as amended, now limits determination of the motion for summary judgment to *all* the papers on file previous to the hearing. No other evidence may be considered." *Id.,* at 188.

An affidavit is a written declaration under oath made without notice to the adverse party. R. C. 2319.02. In the present case, there was no certification by the parties that, based on their personal knowledge, the papers filed with the motions were genuine. Thus, the documents were not admissible as evidence. *Olverson* v. *Butler* (1975), 45 Ohio App. 2d 9, 12.

A review of the record, however, indicates that neither party objected to the other's use of unverified documents to support the summary judgment motions. No reported Ohio cases have been discovered which discuss whether or not the failure to raise an objection at the trial level to the use of such documents constitutes a waiver. In *United States* v. *Dibble* (C.A. 9, 1970), 429 F. 2d 598, it was stated:

"Inadmissible affidavits are no different from inadmissible evidence. They may be stricken in the discretion of the trial judge, but will support a judgment if he elects to consider them and no objection is made." (Concurring Opinion.) *Id.,* at 603. See, also, *Lacey* v. *Lumber Mutual Fire Ins. Co.* (C.A. 1, 1977), 554 F. 2d 1204.

Therefore, because no objection was raised, it cannot be

held that the trial court erred by considering the documents attached to the motion for summary judgment when ruling on the motion. Accordingly, this assignment of error is not well taken.

As assignment of error number one, the appellant argues that the trial court's ruling granting summary judgment for the plaintiff was erroneous. Civil Rule 56(C) states that summary judgment should be granted if there is no genuine issue of material fact before the court, and reasonable minds could come to only one conclusion, which is adverse to the non-moving party, after construing the evidence most strongly in favor of that party. See, also, *Beebe Constr. Corp.* v. *Circle R Co.* (1967), 10 Ohio App. 2d 127. In the present case, no answer to the plaintiff's complaint was filed by the appellant. As the court stated in *Tiefel* v. *Gilligan* (1974), 40 Ohio App. 2d 491, "***the practical result of choosing not to answer amounts to an admission of the validity of the facts alleged by the complainants." *Id.*, at 494.

The omission of an answer, however, does not mean that the plaintiff was automatically entitled to a judgment as a matter of law. *Tiefel, Id.* In the motion for a summary judgment, the plaintiff raised four separate grounds for judgment: (1) the general endorsement was not effective; (2) the general endorsement was in conflict with the Financial Responsibility Act and, therefore, contrary to public policy; (3) the general endorsement applied only to the collision portion of the policy; and (4) the general endorsement could not be read so restrictively that the policy would only apply when the plaintiff was actually driving the car. The first two grounds attack the validity of the general endorsement while the last two grounds relate to its scope.

With respect to the first ground, the plaintiff argued that the general endorsement restricting the coverage of the policy applied only to the initial six months of coverage, but was not renewed with the rest of the policy. An endorsement, however, once validly executed by the parties, becomes part of the insurance contract. *Workman* v. *Republic Mut. Ins. Co.* (1944), 144 Ohio St. 37. Thus, because the endorsement is incorporated as part of the policy, a repetition of the endorsement in the renewal notice is not necessary. Moreover, the special endorsement would prevail over the omnibus clause in the

body of the policy where the two would be in conflict. *Workman, supra.*

The plaintiff's second ground for summary judgment was based on the contention that the restrictive endorsement is in conflict with the Financial Responsibility Act, R. C. 4509.01 *et seq.* R. C. 4509.51(B) states, in part:

"Every owner's policy of liability insurance:

"*****

"(B) Shall insure the person named therein and any other person, as insured, using any such motor vehicles with the express or implied permission of the insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such vehicles*****."

This section, however, does not apply to all automobile insurance policies. In *Moyer* v. *Aron* (1964), 175 Ohio St. 490, the court stated:

"A person is not an insured under an automobile insurance policy unless such person is defined as an insured by the terms of the policy, except where such policy has been 'certified' under the provisions of Section 4590.46, Revised Code, and thereby the definition of who is an 'insured' under the policy has been modified to conform to the provisions of the statute. (Section 4509.51, Revised Code.)" (Paragraph 2 of the syllabus.)

In the present case, the policy was not certified. Therefore, relying on the court's decision in *Moyer,* the policy, not the statute, would define an insured. In addition, courts of other jurisdictions have held that such restrictions of coverage in an automobile insurance policy are not contrary to public policy. See, *e.g., Jones* v. *Mid-South Ins. Co.* (C.A. 5, 1966), 358 F. 2d 887 (construing Louisiana law); *Carter* v. *National Auto Ins. Co.* (Fla. App. 1961), 134 So. 2d 864. The plaintiff's reliance in her brief on *Workman* v. *Great Plains Ins. Co.* (1972), 189 Neb. 22, 200 N.W. 2d 8, is misplaced, for a reading of that case indicates that the court based its decision on an unauthorized insurance form rather than the restriction itself. Therefore, the restriction placed on the policy by the general endorsement is not void as contrary to public policy.

The third ground raised by the plaintiff in her motion for summary judgment was that the general endorsement applied only to the collision portion of the policy. This argument,

however, is not supported by the language of the endorsement. The endorsement speaks generally to coverage and does not distinguish between collision and personal injury liability. Moreover, the insurance application, which is not part of the policy, indicates an intention on the part of the plaintiff to exclude her husband from all coverage in the policy. Thus, reviewing all of the documents submitted in support of the motions for summary judgment, it is clear that the plaintiff's husband was excluded from all coverage under the policy.

The fourth argument raised by the plaintiff in her motion for summary judgment is that the language of the endorsement should not be given a limited meaning. The endorsement states that the coverage is effective only when the "vehicle is being operated by the named insured." The plaintiff argued that "operated" means more than driving the car, and would also include the exercise of control over the use of the car.

R. C. 4501.01(V) defines an operator as "any person who drives or operates a motor vehicle upon the public highways." Further, R. C. 4511.01(Y), which sets out the definitions applicable to the traffic code, states:

" 'Driver or operator' means every person who drives or is in actual physical control of a vehicle, trackless trolley, or streetcar."

Thus, the plaintiff's argument is not borne out by the statutory definition, for not only does the statutory definition contemplate actual physical control of an automobile, but it also treats the terms "driver" and "operator" as synonymous. Therefore, the term "operator" cannot be so broadly defined to include the power to entrust the vehicle to another person.

A review of the arguments raised by the plaintiff reveals that they are not sufficient to entitle the plaintiff to a judgment as a matter of law. It is clear from the record that the language of the policy in the present case is not ambiguous, and by its terms does not afford the plaintiff any coverage in the collision between the Cramers and her husband. Therefore, the court erred by granting the plaintiff's motion for summary judgment. Accordingly, the judgment of the trial court is reversed and judgment is entered in favor of the appellant.

*Judgment reversed.*

JACKSON and PATTON, JJ., concur.