OPINION
Plaintiff-appellant Roy E. Skinner ("appellant") contests the award of summary judgment in favor of defendant-appellee Progressive Insurance Co. ("appellee") and the denial of his motion for partial summary judgment entered by the Cuyahoga County Court of Common Pleas on his claims for insurance coverage. For the reasons stated below, we affirm.
Appellant commenced the within action on October 24, 1997, claiming appellee failed to act in good faith in its processing and its failure to pay a claim asserted under the collision provision of Progressive Insurance Policy No. 09097314-5 for damages to his vehicle incurred on June 26, 1997. On May 22, 1998, appellant moved for partial judgment on the issue of appellee's liability to afford coverage. On May 26, 1998, appellee moved for judgment on all claims asserting that no coverage existed for the damages pursuant to an excluded driver endorsement. On July 24, 1998, the trial court denied appellant's motion for partial judgment and granted the judgment to appellee. Appeal of that judgment was taken in Skinner v. Progressive Ins.Co. (Feb. 4, 1999) Cuyahoga App. No. 75071, unreported, in which this court reversed the decision of the trial court finding that summary judgment was improvidently granted where appellee had failed to meet its initial burden because the policy "exclusion" as attached to appellee's Civ.R. 56 motion was unauthenticated and should not have been considered by the trial court. In that decision, this court further determined that summary judgment was properly denied to appellant and stated that the evidence of an existing exclusion created a material issue of fact which precluded judgment in appellant's favor. On remand, with leave of the court, on April 28, 1999, appellee again moved for summary judgment. On April 30, 1999, appellant moved for partial summary judgment and filed an opposition brief to appellee's motion for judgment. On May 14, 1999, appellee filed its brief in opposition to appellant's motion for partial judgment. On May 21, 1999, appellant filed a second opposition brief to appellee's motion for judgment in which it advanced objection to certain evidentiary materials presented by appellee in support of its motion. On May 25, 1999, the trial court entered judgment without opinion in which it denied appellant's motion for partial summary judgment and granted appellee's motion for judgment. This appeal follows in which appellant advances five assignments of error.
 I. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT RULED ON THE MOTION FOR SUMMARY JUDGMENT CONTRARY TO ITS OWN RULES.
 II. THE COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT AS IT WAS BASED UPON IMPROPER EVIDENTIARY MATERIALS.
 III. THE COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT BECAUSE THERE IS AT LEAST AN ISSUE OF MATERIAL FACT AS TO WHETHER ENDORSEMENT WAS PART OF THE POLICY IN EFFECT AT THE TIME OF THE ACCIDENT.
 IV. THE COURT ERRED IN NOT GRANTING PARTIAL SUMMARY JUDGMENT TO PLAINTIFF.
 V. THE COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT BECAUSE THE ENDORSEMENT, EVEN IF APPLICABLE, WAS AMBIGUOUS.
In his first assigned error, appellant complains the trial court entered judgment prior to the time provisions as set forth in Loc.R. 11(I), thus, denying him due process of law. Specifically, appellant contends that the trial court ruled on appellee's motion on May 19, 1999, less than thirty days from the filing of the motion and claims that his brief in opposition was filed after the court signed the judgment entry. We find appellant's assertion to be without merit.
Loc.R. 11(I) provides "the adverse party may file a brief in opposition with accompanying material, within thirty (30) days after service of the motion."
The record clearly demonstrates that appellant, the adverse party, filed a brief in opposition to appellee's motion for summary judgment on April 30, 1999, thus, within the thirty days after service of appellee's motion. Then, on May 21, 1999, the record reflects that appellant filed an additional brief in opposition to appellee's motion. In his second brief in opposition, appellant sought to draw the court's attention to evidentiary materials submitted by appellee which appellant urged the court not to consider alleging they failed to comport with the requirements of Civ.R. 56(C). On May 25, 1999, the trial court entered judgment in favor of appellee. Therefore, the record does not demonstrate that the trial court failed to permit the adverse party, appellant, time to file his brief in opposition with accompanying materials as permitted by Loc.R. 11(I). Appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant complains that the trial court granted judgment after considering improper evidentiary materials.
The trial court is required to disregard any error or default in proceedings which does not affect the substantial rights of the parties. Civ.R. 61. Although a failure to move to strike or otherwise object to documentary evidence submitted by a party to support or oppose summary judgment may waive any error by the court in considering the evidence under Civ.R. 56(C), we note here that appellant objected to certain evidence. Moreover, this court will not presume that a trial court considered matters which were prima facie improper for that would presume irregularity by the trial court. See Biskupich v. Westbay ManorNursing Home (1986), 33 Ohio App.3d 220, 222-223. Finally, as this court conducts a de novo review of motions for summary judgment, any prejudicial error made by the trial court will be reversed. We confine our review to only those documents found cognizable under the Civ.R. 56(C) mandate. Thus, we find the argument as advanced by appellant in his second assignment of error to be without merit.
Assignments of error three, four and five relate to the grant of judgment in favor of appellee and the denial of judgment in favor of appellant and go to the validity of the excluded driver endorsement and shall be considered together. In his third assignment of error, appellant complains that a factual issue exists as to whether the endorsement was part of the policy. Specifically, appellant argues that when the subject policy was reissued for the period of June 22 to August 12, because no exclusion was requested, then, no exclusion was contained in the policy. In his fourth assignment of error, appellant complains that the trial court erred in denying his motion for partial summary judgment because appellee was contractually obligated to pay for the collision damage to his car. In his fifth assignment of error, appellant claims that even if the exclusion endorsement was part of the policy, the terms of the exclusion are ambiguous and, thus, unenforceable when strictly construed against appellee. Civ.R. 56(C) provides in relevant part:
 Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the case show that there is genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
An appellate court's review of summary judgments is de novo.
See Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,506 N.E.2d 212. In Zivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367,369-370, 696 N.E.2d 201, the Ohio Supreme Court restated the appropriate test for summary judgment as follows:
 Pursuant to Civ.R. 56 summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.
In this case, we are asked to determine whether the excluded driver endorsement is valid and enforceable so as to preclude coverage for the damages incurred to appellant's automobile.
Insurance contracts are to be construed as other contracts.Hybud Equip. Corp. v. Sphere Drake Ins. Co., Ltd. (1992), 64 Ohio St.3d 657, 597 N.E.2d 1096. Construction of a contract is a matter of law. Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, 374 N.E.2d 146. Where the terms of a contract are clear and unambiguous, summary judgment proceedings are appropriate. Inland Refuse Transfer Co. v. Browning-Ferris Indus.of Ohio, Inc. (1984), 15 Ohio St.3d 321, 474 N.E.2d 271. Courts must give the contract reasonable construction in conformity with the parties' intent, which intent is to be determined by the words of the contract. Dealers Dairy Products Co. v. Royal Ins.Co. (1960), 170 Ohio St. 336, 164 N.E.2d 745. With these propositions of law in mind, we consider the policy of insurance and exclusion endorsement before us.
The excluded driver endorsement at issue in the within matter provides in part as follows:
 "[I]t is agreed that the insurance afforded by this policy shall not apply with respect to any claim
arising from an accident or loss that occurs while a covered-vehicle or non-owned vehicle is operated by or in possession of Roy E. Skinner II.
 This includes any claim for damages made against you, a relative, or any other person or organization that is vicariously liable for an accident arising out of the operation of or the possession of a covered vehicle or non-owned vehicle by the excluded driver." (Emphasis added.)
It is uncontroverted that appellant signed and accepted this excluded driver endorsement on October 1, 1996.
Appellant contends that the terms of the endorsement are ambiguous because it "arguably" applies only to a situation where a claim is made against Roy E. Skinner by a third party by reason of operation of the vehicle. We do not agree.
Where an insurance policy is clear and unambiguous on its face, the words of the policy must be given their plain and ordinary meaning. Alexander, supra at 46.
Here, the plain and ordinary meaning of the words of the endorsement indicate that the insurance policy does not apply to any claim arising from an accident or loss that occurs while a covered vehicle is operated by Roy E. Skinner II. It is uncontroverted that Roy E. Skinner II was operating the covered vehicle when the accident occurred.
Appellant argues that a question of fact exists which precludes summary judgment because he contends that the endorsement was not in effect, but appellee contends the endorsement was in effect. Such is not the case.
The insurance policy covering the BMW as the insured vehicle was renewed for the fifth renewal period from June 22, 1997 to August 12, 1997. The declaration page of the policy referenced Roy E. Skinner as an excluded driver. Roy Skinner signed the excluded driver endorsement on October 1, 1996 during the fourth renewal period of the policy. In Brown v. Insurance Co. (1978)63 Ohio App.2d 87, this court, citing to Workman v. Republic Mut.Ins. Co. (1944), 144 Ohio St. 37, found that an endorsement once validly executed by the parties, becomes part of the insurance contract. The Brown court went on to say that "because an endorsement is incorporated as part of the policy, a repetition of the endorsement in the renewal notice is not necessary." Id. at 91. Further, the declaration page of the policy provides:
 "The following coverages and limits apply to each described vehicle as shown below. Coverages are defined in the policy and are subject to the terms and conditions contained in the policy, including amendment and endorsements. No changes will be effective prior to the time changes are requested." (Emphasis added.)
Therefore, we find appellant's argument that the endorsement does not apply to the fifth renewal of his policy to be without merit.
Finally, appellant contends that appellee was contractually required to pay for the collision damage to his car and the trial court's denial of his partial motion for summary judgment was error. We do not agree. In consideration of our analysis of the policy and the applicable law, we have found that the exclusion endorsement is valid and unambiguous and applies to the fifth renewal period of the policy and, thus, precludes coverage for damages arising from an accident with the covered vehicle if driven by Roy E Skinner II. The endorsement speaks generally to coverage and does not distinguish between collision and liability coverage. Under these circumstances, which are not in dispute, there is no contractual coverage for appellant's damage and appellant's motion for summary judgment was properly denied.
It is clear from the record that the language of the exclusion endorsement is unambiguous and by its terms excludes coverage to appellant for damages arising from the accident on June 26, 1997. Accordingly, we find the trial court properly granted judgment in favor of appellee and properly denied appellant's motion for partial judgment.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue but of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DYKE, A.J. and PORTER, J., CONCUR.
 ___________________________ _____ TIMOTHY E. McMONAGLE JUDGE