OPINION.
The facts in this case are undisputed. On April 10, 1998, plaintiff-appellee Hills Real Estate Group (Hills), through counsel, filed a complaint in municipal court asserting claims for forcible entry and detainer and damages against its tenant, defendant-appellant Charles Williams. On May 1, 1998, the complaint was voluntarily dismissed without prejudice. Hills refiled the complaint in municipal court on May 15, 1998. On June 10, 1998, the trial court awarded judgment in favor of Hills on its forcible-entry-and-detainer claim, issuing an order of restitution that required Williams to vacate the premises. Hills's claim for damages was continued.
Unaware of the claim for damages pending in municipal court, new counsel for Hills filed a similar claim for damages against Williams in common pleas court on October 16, 1998. After Williams moved to dismiss the common pleas action, Hills agreed to voluntarily dismiss the complaint in exchange for Williams's agreement not to oppose a motion to amend the municipal-court complaint to increase the amount of damages sought. Accordingly, Hills voluntarily dismissed the common-pleas action and was permitted to amend the complaint that remained pending in municipal court.
Thereafter, Williams filed an amended answer asserting, among other things, the defense of res judicata. Williams also moved for summary judgment, alleging that Hills's two previous voluntary dismissals of its claim for damages against him acted as an adjudication upon the merits under Civ.R. 41(A)(1) and barred Hills from proceeding on its pending claim for damages.
After holding a hearing, a magistrate of the municipal court denied Williams's motion, concluding that he was estopped from asserting the Civ.R. 41(A)(1) "second dismissal" rule as a defense, given his agreement to permit Hills to amend the complaint. Accordingly, Hills's claim for damages went to trial, after which judgment was rendered in its favor in the amount of $5,097.22, plus $2,050 in attorney fees.
In his sole assignment of error on appeal, Williams asserts that the trial court erred in denying his motion for summary judgment based on Civ.R. 41(A)(1). We agree.
Civ.R 41(A)(1) provides the following in pertinent part:
 [A]n action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant or (b) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court, an action based on or including the same claim. [Emphasis added.]
It is apparent from the plain language of the rule that a plaintiff is afforded a single opportunity to withdraw its case from consideration simply by filing notice.[1] It is also apparent that a second such filing operates as an adjudication on the merits, barring further proceedings on the same claim.[2]
Williams contends that the trial court should have applied the Civ.R. 41(A)(1) second-dismissal rule to bar proceedings on the claim for damages that remained pending in municipal court, given that Hills had already voluntarily dismissed two complaints involving the same claim. Hills, on the other hand, asserts that the trial court properly denied the motion for summary judgment, offering several arguments in support of its position.
First, Hills argues that the trial court properly denied Williams's motion for summary judgment because the evidentiary materials in support of the motion were not proper for consideration under Civ.R. 56(C). However, because Hills failed to raise this objection below, it has waived any error in the consideration of these materials.[3]
Next, Hills contends that the trial court correctly determined that Williams was estopped from asserting the Civ.R. 41(A)(1) second-dismissal rule as a defense, given that Hills had agreed to dismiss the common-pleas action in reliance on Williams's promise not to oppose Hills's motion to amend what would become its only remaining complaint. We conclude, however, that the trial court erred in applying the doctrine of equitable estoppel to defeat Williams's motion for summary judgment.
A claim of equitable estoppel is dependent upon proof of a factual misrepresentation.[4] As Hills concedes, however, Williams agreed not to oppose Hills's attempt to amend its complaint; he did not agree to waive his right to raise Civ.R. 41(A)(1) as a defense. Hills's claim for equitable estoppel, therefore, fails as a matter of law because the record contains no evidence of a factual misrepresentation.
Finally, Hills contends that the second-dismissal rule was intended to prevent unreasonable harassment by a plaintiff who secures numerous dismissals, and that the rule should not be applied to a situation such as this where the second dismissal was obtained not for the purpose of harassment, but to correct an unintentional error. Accordingly, Hills argues that the rule should be read only to bar the filing of subsequent claims by a plaintiff who has already dismissed the same claim twice; it should not be read to apply to pending actions.
Although the circumstances of this case are somewhat unique, we do not believe that they render the Civ.R. 41(A)(1) second-dismissal rule inapplicable. Rather, we conclude that the rule's clear and unambiguous language requires that a second dismissal of a claim by a plaintiff operate as a bar to further proceedings on the claim, irrespective of whether another claim is already pending or yet to be filed. Therefore, we conclude that the trial court erred in overruling Williams's motion for summary judgment and in allowing Hills to proceed on its claim in municipal court after it had already dismissed the same claim two times.
Accordingly, we sustain the assignment of error and reverse the judgment of the trial court. We remand this cause with instructions to enter summary judgment in favor of Williams on Hills's claim for damages.
Judgment reversed and cause remanded.
 DOAN, P.J., concurs.
GORMAN, J., dissents.
[1] See Staff Notes to Civ.R. 41(A)(1); Bower v. Chevrolet
(Aug. 16, 1995), Medina App. No. 2415-M, unreported; see, also,Graham v. Pavarini (1983), 9 Ohio App.3d 89, 458 N.E.2d 421.
[2] Id.
[3] See Brown v. Ohio Cas. Ins. Co. (1978), 63 Ohio App.2d 87,409 N.E.2d 253; Atlantic Mutual Ins. Co. v. Ayer Electric, Inc.
(Dec. 29, 1993), Hamilton App. No. C-920406, unreported.
[4] See Doe v. Blue Cross/Blue Shield of Ohio (1992), 79 Ohio App.3d 369,607 N.E.2d 492.