OPINION
Plaintiff-appellant Daniel L. Brown appeals from a summary judgment rendered against him. Brown contends that the trial court erred by granting summary judgment because it improperly decided the matter on issues not raised in the motion. The defendants-appellees, the Vanimans, set forth a Cross-Assignment of Error in which they claim that the trial court erred when it failed to grant their motion for summary judgment on the grounds set forth in their motion.
We conclude that the trial court erred by granting summary judgment on grounds not set forth in the motion filed by the Vanimans. We further conclude that, based upon the record before us, the trial court did not err by failing to grant judgment based upon the grounds urged by the movants. Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings in accordance with this opinion.
 I
This case is before us for a second time on appeal. We stated the relevant facts of this action in our prior opinion:
 Relevant to this appeal, in August, 1998, Daniel Brown filed a complaint in the Montgomery County Common Pleas Court against the Vanimans, and against William E. Stephens and William E. Stephens Insurance Agency (hereinafter collectively referred to as "Stephens"). The complaint alleged causes of action for breach of contract, fraud, unjust enrichment, tortious interference with contract, civil conspiracy, "violations of U.S.C. § 1981-1985," and duress. The complaint sought relief in the form of restitution, restoration of title, and declaratory judgment. The only portions of the complaint relevant to Stephens are the claims for tortious interference with a contract, duress and civil conspiracy. Brown also filed a notice of lis pendens against the property.
 The Vanimans filed a motion for judgment on the pleadings upon the grounds that Brown's claims were insufficiently pleaded, were barred by the applicable statutes of limitation, and were barred by the doctrine of res judicata. The motion was sustained, and the notice of lis pendens was declared null and void. Brown filed a motion for reconsideration, which was denied. Subsequently, Stephens filed a motion for summary judgment upon the ground that Brown had failed to file suit within the applicable statute of limitations. The trial court granted the motion for summary judgment. Brown thereafter appealed both judgments to this court.
 Brown v. Vaniman (Aug. 20, 1999), Montgomery App. No. 17503, unreported.
We held that all the claims against Stephens were properly dismissed. However, we found that the claims for breach of contract, fraud and unjust enrichment, as they related to Vaniman, were improperly dismissed. Therefore, we remanded the matter to the trial court for further proceedings as to those three claims.
Following remand, Vaniman filed a motion for summary judgment arguing that the remaining claims were barred by the doctrine of res judicata. Brown filed a response to the motion. The trial court held that the doctrine of res judicata barred the claim for breach of contract, and that applicable statutes of limitation barred the claims for fraud and unjust enrichment. The trial court rendered summary judgment in favor of Vaniman on December 29, 1999.
From this judgment Brown appeals.
 II
Brown's sole Assignment of Error is as follows:
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT CONSIDERED THE STATUTE OF LIMITATIONS DEFENSE IN DECIDING THE APPELLEES' MOTION FOR SUMMARY JUDGMENT.
 Brown contends that the trial court erred by considering the defense of the running of the statute of limitations when that issue was not raised by the Vanimans in their motion for summary judgment. He also contends that the trial court erred by granting summary judgment against him on his claims for fraud, unjust enrichment and breach of contract.
Summary judgment is appropriate when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his favor. Zivich v. Mentor SoccerClub, Inc. (1998), 82 Ohio St.3d 367, 369-370, citation omitted. Our review of the trial court's decision to grant summary judgment is denovo. McGee v. Goodyear Atomic Corp. (1995), 103 Ohio App.3d 236, 241.
We begin by noting that Brown incorrectly argues that the trial court granted summary judgment on all three of his remaining claims based on the expiration of the statutes of limitation. A review of the judgment reveals that the breach of contract claim was dismissed on res judicata
grounds. Therefore, our discussion of this Assignment of Error is limited to the fraud and unjust enrichment claims.
The motion for summary judgment filed by Vaniman was based solely upon the argument that Brown's claims are barred by the doctrine of resjudicata. Brown's response was limited to this issue. The trial court, however, decided to enlarge the scope of the motion by considering whether the complaint was barred by applicable statutes of limitation. In justifying this action, the trial court stated that since the issue had been raised as a defense by the Vanimans in the answer to the complaint, as well as in the prior motion for judgment on the pleadings, Brown should have been on notice that the matter would be addressed by the court. We disagree.
The Ohio Supreme Court has held that "[a] party seeking summary judgment must specifically delineate the basis [for the motion] in order to permit the opposing party a meaningful opportunity to respond."Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 116. If a party files a motion based upon some, but not all, issues in a case, the trial court should restrict its ruling to those matters raised. Ferro Corp. v. BlawKnox Food Chem. Equip. Co. (1997), 121 Ohio App.3d 434, 443-444.
In this case, the statute of limitations was not raised by the Vanimans, and the trial court did not give notice to Brown that it would consider the matter. Although we stated in our previous opinion that it would appear that the claims for fraud and unjust enrichment are barred by applicable statutes of limitation, we noted that the existence of doctrines tolling the statute of limitations may preclude a finding that the claims are actually barred. Brown v. Vaniman, supra. Since Brown was not afforded the opportunity to rebut this argument, because he was not on notice that he was required to defend against a summary judgment motion based upon statute of limitations grounds, we cannot say that his claims were properly dismissed on that ground. Therefore, we find that the trial court erred by even considering whether Brown's claims were barred by the statute of limitations. Consequently, we find that it was error to dismiss the claims on that basis.
Brown's sole Assignment of Error is sustained.
 III
The Cross Assignment of Error raised by Vaniman is as follows:
 THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLEES' MOTION FOR SUMMARY JUDGMENT ON THE BASIS OF RES JUDICATA.
 Vaniman contends that the record supported a dismissal of all of Brown's claims on the grounds that they are barred by the doctrine of res judicata because they have been raised in three prior, related lawsuits.
Civ.R. 56(C) provides, in pertinent part, as follows:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * * "
 In this case, the evidence attached to the Vanimans' motion for summary judgment consists of copies of what is best termed as a hodgepodge of pleadings, rulings and appellate decisions excerpted from the prior related cases. These uncertified and unsworn copies are not the type of documentary evidence specified in Civ.R. 56(C).
This sort of evidentiary problem was addressed by the Eighth District Court of Appeals in Biskupich v. Westbay Manor Nursing Home (1986),33 Ohio App.3d 220, wherein the court stated:
 The proper procedure for introducing evidentiary matter not specifically authorized by Civ.R. 56(C) is to incorporate it by reference in a properly framed affidavit pursuant to Civ.R. 56(E). See, e.g., State, ex rel. Corrigan, v. Seminatore (1981), 66 Ohio St.2d 459, 467 ("The requirement of Civ.R. 56[E] that sworn or certified copies of all papers referred to in the affidavit be attached is satisfied by attaching the papers to the affidavit, coupled with a statement therein that such copies are true copies and reproductions."). Moreover, while it is correct that a court, in its discretion, may consider other documents than those specified in Civ.R. 56(C) if there is no objection, Brown v. Insurance Co. (1978), 63 Ohio App.2d 87, there is no requirement that a court do so. Thus, unless there is some indication to the contrary, it will not be presumed that a court considered matters which were prima facie improper simply because the court was free to do so, for this would presume irregularity by the court.
 Id., at 222-223.
Even if we presume that the trial court did consider this evidence, we find that the Vanimans have failed to adequately support their argument. After considering the evidence attached to the motion, and indeed, the entire trial court record, we find that although many of the documents suggest Brown's claims may be barred by res judicata, the exhibits offered fall short of establishing this proposition as a matter of law.
We will not address the deficiencies in each of the twelve exhibits, but we will note a few representative problems. For example, Vaniman attached as exhibits two judgment entries from the case titled Folino v.Brown (June 17, 1994), Montgomery C.P. No. 93-1490, unreported. Neither of the entries specify what type of claims Brown had raised in that action. Vaniman also attached our opinion rendered on appeal from that case. See Folino v. Brown (June 17, 1994), Montgomery App. No. 14263, unreported. Our decision makes reference to an allegation, raised by Brown at the trial court level, that could be interpreted as stating a claim for unjust enrichment. However, without the actual pleadings in the trial court, it cannot be said with reasonable certainty that the prior claim bars the claim made in the case currently on appeal.
We resign ourselves to the inescapable conclusion that this case will eventually wend its way back to this court. Therefore, we are inclined to remind the parties that we are familiar with the details of all the litigation caused by the dispute between the parties, having had matters arrive on appeal at least five times in less than ten years. We note that it appears that the claims currently before us may well be barred by the doctrine of res judicata. However, that conclusion is based, not upon the record before us, but upon our familiarity with the plethora of prior proceedings. Since we are constrained to decide this appeal based solely on the record currently before us, we are duty-bound to overrule this Cross- Assignment of Error, and reverse the judgment of the trial court.[1]
 IV
The judgment of the trial court is Reversed, and this cause isRemanded for further proceedings consistent with this opinion.
GRADY, P.J., and BROGAN, J., concur.
[1] On remand, we would envision a motion for summary judgment accompanied by certified or sworn copies of pleadings from the prior actions. Specifically, items such as complaints, answers and counterclaims should be attached if they affirmatively establish that Brown raised claims identical to those at issue here. Also, the exhibits should include all dispositive motions and rulings made in those cases. For example, it appears that allegations of fraud, identical to those at issue in this appeal, were raised in Brown's answer and counterclaim in the Folino case. Therefore, providing the answer and counterclaim from that case would be of great assistance. Similar evidence would also be helpful in determining whether summary judgment on the issue of the statute of limitations is warranted.