CONCURS IN JUDGMENT ONLY, SAYING:
 {¶ 17} I concur in the majority's judgment. However, I would reverse the trial court's decision to grant summary judgment on the basis that NHV failed to meet its Dresher burden regarding this claim.
 {¶ 18} The majority concludes that NHV failed to provide evidence within the confines of Civ.R. 56(C). In particular, to support its motion for summary judgment, NHV attached various certified court documents. I am cognizant that Civ.R. 56(C) sets forth an inclusive list of documents that a trial court can consider when ruling on a motion for summary judgment and this rule does not specifically provide for certified documents. Nevertheless, documents not specifically listed may be introduced. Wall v. Firelands Radiology, Inc. (1995), 106 Ohio App.3d 313,334. To introduce a document, other than that listed in Civ.R. 56(C), the party must accompany the document with an affidavit, which attests to its authenticity. Biskupich v. Westbay Manor Nursing Home (1986),33 Ohio App.3d 220, 222; Civ.R. 56(E).
 {¶ 19} The record in this case reveals that NHV failed to accompany the certified court documents with their respective affidavits. However, as Appellant failed to make a timely objection or motion to strike the nonconforming documents, this error is waived. SeeRodger v. McDonald's Restaurants of Ohio, Inc. (1982), 8 Ohio App.3d 256,258, fn. 7; Nalbach v. Cacioppo, 11th Dist. No. 2001-T-0062,2002-Ohio-53, at ¶ 18, citing Ouellette v. Myhal (Mar. 14, 1991), 8th Dist. No. 58192. Under such circumstances, the trial court retains the discretion to decide whether to consider the improper documents in ruling upon the motion. Nalbach at ¶ 18, citing Ryser v. Conrad
(Mar. 31, 2000), 11th Dist. No. 98-T-0088. As each of the court documents had been certified, this is an indication that the documents are reliable and genuine. See Brown v. Insurance Co. (1978), 63 Ohio App.2d 87, 90. Therefore, I conclude that the trial court did not abuse its discretion by considering these documents.
 {¶ 20} Notwithstanding my conclusion that the trial court could properly consider these certified court documents, I find NHV failed to satisfy its Dresher burden to show the absence of a genuine issue of material fact. See Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Specifically, these documents do not support nor demonstrate NHV's contention that "Dr. Prade's death did not `arise out of her employment [.]'" Therefore, I would reverse the decision of the lower court and remand for further proceedings.